## HALEY FISHERIES, Inc., v. PAYNE.

### No. 8784.

Court of Civil Appeals of Texas. San Antonio.

April 6, 1932.

Tarlton & Lowe, of Corpus Christi, for appellant.

J. D. Todd and J. D. Todd, Jr., both of Corpus Christi, for appellee.

SMITH, J.

The appeal presents the sole question of whether the trial judge abused his discretion in overruling appellant's first application for a continuance. The application was in statutory form, was properly verified, was not controverted, and was overruled without the hearing of any evidence thereon, although the trial judge took cognizance of facts occurring within his knowledge concerning the setting and resetting of the case during the term, as these matters related to the absence of appellant's leading counsel.

The application for continuance was made upon two grounds: First, the absence of counsel; and, second, the absence of a witness. The absent witness was alleged to be an officer of appellant corporation, and the testimony expected of him was shown to be material, and, if true, would constitute a complete defense to the suit. The diligence exercised by appellant to secure this testimony was alleged as follows:

"That said witness having been and still being an officer of this defendant corporation, promised and agreed to be present during the trial of this cause and to testify in behalf of defendant, and being in such relation to defendant, defendant was justified and entitled to rely upon the promises of said witness to be present, he being in its employ, and therefore was not required to, and did not, have subpœna issued for said witness; but said witness has absented himself from the jurisdiction of this court and is not now available to the defendant as a witness, which fact was not made known to defendant until this case was first called on Tuesday of this week, same being the 19th day of May, 1931, since which time defendant has made diligent efforts to locate said witness and have him present and ready to testify at this trial; that defendant expects to locate said witness and have him present at the next term of this court but that there is no likelihood that said witness will be available to this defendant during the present term of this court. That his absence is not due to the procurement or consent of defendant."

The facts alleged in the application were in no way controverted by appellee, and consequently must be accepted as true. We think the showing entitled appellant to a continuance. The facts that the witness is an

officer of the corporate defendant, that he promised to attend the trial and testify in behalf of appellant, and that appellant relied on that promise, were sufficient to excuse appellant from taking the prescribed statutory steps to enforce the attendance or take the deposition of the witness. Hargrave v. Texas & P. Ry. Co. (Tex. Com. App.) 12 S.W.(2d) 1009.

It is not deemed necessary to discuss the remaining ground upon which continuance was sought.

The judgment is reversed, and the cause remanded.