## WARD v. BROWN.
### No. 8774.

Court of Civil Appeals of Texas. Austin.
Nov. 30, 1938.

Raymond O. Furr, of Llano, and Luther W. Davis, of Austin, for appellant.

Adkins & Adkins, of Brady, for appellee.

BAUGH, Justice.

Appellee sued appellant for damages for personal injuries resulting from an automobile collision in the night time on a public highway in McCulloch county on May 11, 1937. The case was tried to a jury on special issues, and on their answers thereto judgment for $500 rendered in favor of appellee; hence this appeal.

The negligence alleged against appellant was driving his car at a rate of speed in excess of 45 miles per hour; driving same in a reckless and careless manner; and operating same while under the influence of intoxicating liquor. The jury found all of these issues in favor of appellee.

The collision was caused by appellant's car running into the rear of a car, owned by J. C. Russell, son of appellee, and hereinafter referred to as the Russell car, in which appellee with others had been riding, while same was standing on or near the edge of the paved portion of the highway, where it had been stopped to fix a

punctured tire. Appellee at the time of her injury was on the ground beside the stationary car. Appellant, in addition to specific denial of the acts of negligence alleged, defended on the grounds that the Russell car, at the time of the collision, had no tail light burning; that it was parked wholly on the pavement on the right hand side of the road; and that there was ample room on the dirt shoulder of the highway on which said car could have been parked entirely off of the pavement, but that the driver of said car had negligently failed to so use it; and that these facts and circumstances constituted contributory negligence. These issues the jury found against appellant.

 Appellant's first contention is that the trial court erred in overruling his application for a continuance because of the absence of R. C. Carter, a material witness. The plaintiff, appellee, resided in McCulloch county. The defendant, appellant, resided in Coleman county. The witness Carter resided in Taylor county. The defendant filed his plea of privilege to be sued in Coleman county. This was overruled on January 3, 1938, and notice of appeal given. On the afternoon of January 18th, appellant's counsel were notified that the case would be called for trial on the following day. Appellant had made a bond on appeal from the order overruling his plea of privilege but because he was forced to trial on the merits on January 19, 1938, he did not file it nor prosecute that appeal. His application, being the first, was in substantial compliance with Art. 2168, R.S. 1925, and was not controverted. The witness had written him that he would attend trial when needed, but appellant had not had a subpoena issued nor undertaken to take his depositions. But under the circumstances we are not prepared to say that there was lack of diligence on appellant's part in not seeking to take his depositions. That his testimony was material is clear, and failure to procure it was, we think, prejudicial to appellant. In the Russell car were riding Mrs. Brown, three of her sons, and her daughter-in-law. All of them were out of the car and on the ground near it when it was struck. Two of her sons had suits pending against appellant growing out of the same collision, and undoubtedly were relying upon the same grounds of negligence as appellee for a recovery. That they were interested witnesses is manifest. The testimony of Mrs. Brown and her sons and daughter-in-law as to the intoxication of Ward, and the location of the car on the road, was in accurate accord. The testimony of T. H. Ward, and that of his son who was with him, was directly and irreconcilably contradictory to that of plaintiff and her witnesses.

The uncontested application stated that witness Carter was approaching the locus of the collision at the time it occurred. That he stopped, investigated to see if anyone was hurt, and talked with the parties on the ground at the time. That he would testify, if present, that the Russell car was parked on the paved portion of the highway; that there was ample room for it to have been parked completely off the pavement; that he talked with Ward at the time and that Ward was not under the influence of intoxicating liquor. In brief, he was practically the only witness to the immediate collision, and the vital issues involved, who was not either directly or indirectly interested in the outcome of the suit.

Under all the facts and circumstances, we think the trial court abused its discretion in not granting the continuance to give appellant an opportunity to procure such testimony. And in determining this question the appellate court can look to the testimony upon the trial in ascertaining the materiality of the testimony desired and whether injury resulted by reason of its absence. Pease v. State, Tex.Civ.App., 155 S.W. 657.

 Appellant also complains of argument of appellee's counsel to the jury in two respects, charged to have been improper and prejudicial. The issue as to whether there was room at the point of the collision for the Russell car to have been parked on the dirt shoulder of the road entirely off the pavement was raised by the pleadings and the evidence and was submitted to the jury. The testimony of the plaintiff's and the defendant's interested witnesses on this issue was sharply conflicting. W. W. Cox, a disinterested witness, who observed the place of the collision the morning following its occurrence, and that highway in general between Brady and the Colorado River thereafter, testified that except on bridges and culverts, there was no place along said highway where a car could not have been safely parked outside of the paved portion of the road; and that at the place of the collision it was nine feet from the edge of the pavement to the edge of the borrow pit. In commenting

on his testimony, one of appellee's attorneys made the following argument to the jury: "Gentlemen of the Jury, my friend W. W. Cox testified that there was not a place on the paved portion of any paved highway in the county but what there was room left to park a car completely off the paved portion of it without danger of the car turning over. In answer to that I want to tell you that I can take you in my car to any number of places in the county and show you that it would be impossible to park a car off the paved portion of the highway completely, without the car turning over."

This argument was objected to at the time and the court instructed the jury not to consider it. It is the contention of appellant that because of the nature of the argument, the high standing of said attorney in that county, and his acquaintance with the jurors, the court's instruction did not and could not remove its injurious effect.

It is not controverted that such statement of counsel was not supported by the evidence and was a statement of fact not warranted by the evidence. It was, in effect, an attempt to impeach the testimony of the witness Cox by statement of a fact to the contrary made dehors the record by counsel himself. It was, therefore, improper. In this regard the rule has been stated that, "Discussion of matters not in the record will result in a reversal unless it clearly and affirmatively appears that no injury has been done." 41 Tex.Jur., § 57, page 775; Herd v. Wade, Tex.Civ.App., 63 S.W.2d 253, error ref.

In the instant case, other than what may be deemed interested witnesses, only two disinterested witnesses testified as to the space between the pavement and the edge of the borrow pit at the point of collision, one of whom was W. W. Cox. Both of them inspected the place the next morning after the accident and both testified that it was nine feet from the pavement to the edge of the borrow pit. The jury found that there was not sufficient room there to safely park a car off the pavement. In the light of these circumstances, we cannot say that "it clearly and affirmatively appears that no injury has been done" by said argument. See, also, Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556, and cases therein cited.

The second argument of appellee's counsel to the jury complained of as improper arose as follows: Appellant alleged and there was evidence to show that the Russell car had no tail light burning at the time of the collision. The jury were asked whether said car "was without a lighted tail light at the time of the collision in question"? This the jury answered, "No." In his argument on this issue counsel for appellee stated to the jury: "Gentlemen of the jury, you should answer, and the evidence warrants it being answered 'No' favorable to the plaintiff."

Counsel for appellant objected to said argument at the time and the court instructed the jury to disregard such remarks and stated to them that the effect of such answers on the trial of said case was no concern of theirs, and that it was their duty to answer the questions as they found them. Thereupon counsel for appellee again stated to the jury: "I do not believe either the court or the attorney for the defendant understood what I said; I said that Special Issue No. 10 should be answered favorable to the plaintiff by answering said issue 'No' and I still say it."

This statement was likewise objected to and the court again instructed the jury to disregard same, "and asked the attorney for plaintiff to refrain from stating to the jury what the effect of the answer to the issues would be."

It is now a settled rule that where a case is submitted on special issues it is error for counsel to advise the jury the legal effect of their answers. See 41 Tex. Jur., § 341, p. 1204, and numerous cases cited in the footnote.

Appellee's counsel admit that the argument was improper, but insist that it was harmless and does not warrant a reversal, first, because the jury knew the effect of their answers anyway; and, second, as shown by their answers to other issues, the argument had no effect on their findings. If these assumptions be taken as true, the error would be harmless. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213, 217; Hall v. Henry, Tex.Civ.App., 239 S.W. 1015; 41 Tex.Jur., § 342, p. 1206. We think it cannot be assumed, however, the issue being one of contributory negligence, that the jury knew the legal effect of their answer to this issue. Instances are not uncommon where a jury concludes that, having found the defendant guilty of primary negligence, it becomes immaterial how they answer issues of contributory negligence; clearly not understanding the legal effect of their answers. Such case was present-

ed to us recently in Allcorn v. Ft. Worth & R. G. Co., Tex.Civ.App., 122 S.W.2d 341. We cannot say, therefore, that it is clear that the jury knew the legal effect of their answers to said issue. While this error, taken alone, might warrant a reversal, when taken in connection with the other errors above discussed, it adds to our conclusion that prejudicial error, requiring a new trial, was committed. The judgment of the trial court is, therefore, reversed and the cause remanded for another trial.

Reversed and remanded.