### COOPER et al. v. COOPER.
### No. 11503.

Court of Civil Appeals of Texas. Galveston.

Feb. 4, 1943.

Rehearing Denied Feb. 17, 1943.

 

C. E. McVey, of Houston, for appellants.

J. A. Copeland and W. M. Latham, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, entered partly upon a jury's verdict in response to special issues submitted, and partly upon independent findings of the court itself from the pleadings and evidence, allowing the appellee, as the surviving wife of Ernest H. Cooper, deceased,—on her suit therefor against appellant, Charles Cooper, individually, and as independent executor of the estate of Ernest H. Cooper, and Alice Cooper, the deceased's daughter and one of his devisees,—and payable, primarily, out of the deceased's estate in the hands of the appellant-executor, these amounts of money on account of these, respectively, specified claims by her therefor, to-wit: (1) As a reasonable allowance in lieu of a homestead, $2,000; (2) as a widow's allowance, in reimbursement for the maintenance of herself for one year from the time of the death of her deceased husband, Ernest Cooper, $1,000; (3) as a reasonable allowance in lieu of exempted personal property and articles, which are not among the effects of the deceased, $750 (less the remittitur of $250 hereinafter mentioned); (4) as the reasonable value of appellee's undivided one-half interest in the community property belonging to the community estate of herself and her deceased husband, $162.50; all four items aggregating the total of $3,662.50.

The $250 remittitur, mentioned supra, was voluntarily made by the appellee in the trial court in connection with the jury's answer under special issue No. 4 that $750 would be a reasonable allowance to appellee as such widow "in lieu of exempt articles (other than the household furniture and furnishings) which are not among the effects of said deceased", such voluntary relinquishment of the $250 having been so made by her in response to the holding by that court that—under R.S. Article 3487— only one-half of a $1,000 maximum could be allowed her in lieu of such missing exempt articles.

As indicated, such total recovery of $3,662.50 was so awarded the appellee against the appellant-executor primarily

out of the estate of the deceased; but the court, upon findings therein specified, further thus adjudged the same recoveries in her favor, secondarily, against appellant, Charles Cooper, individually, whom she had likewise sued both in his representative and individual capacities, as follows:

"It further appearing to the Court, and the Court so finds from the undisputed evidence, that said Defendant, Charles Cooper, has converted a part of the Estate of Ernest Cooper, Deceased, into cash and has commingled the monies, funds and assets of said Estate with his own, and that he has not made, and could not make, a proper accounting and settlement with Plaintiff for her widow's rights, and community interests in said Estate, and has so managed the affairs of said Estate as to render himself personally and individually liable to Plaintiff, the Court is of the opinion that Judgment should also be rendered in favor of Plaintiff against said Defendant, Charles Cooper, individually, as well as in his capacity as Independent Executor of said Estate.

"It is therefore further Ordered, Adjudged and Decreed by the Court that said Plaintiff, Mrs. Inez Cooper, do have and recover of and from said Defendant, Charles Cooper, individually, (also sometimes known as C. L. Cooper) said sum of Three Thousand Nine Hundred Twelve and 50/100 ($3,912.50) Dollars, less said remittitur of Two Hundred Fifty ($250.00) Dollars filed by Plaintiff herein, or the net sum of Three Thousand Six Hundred Sixty Two and 50/100 ($3,662.50); less also any credits that said Defendant may be entitled to by reason of any monies first made upon such execution against the properties of said Testator, Ernest H. Cooper, deceased, in the hands of said Charles Cooper, as Independent Executor of said Estate; and that if the proceeds from such execution sale of said properties belonging to the Estate of Ernest H. Cooper, deceased, should be insufficient to satisfy this Judgment in full, then execution shall issue against said Defendant, Charles Cooper, individually, (also sometimes known as C. L. Cooper) on any property that he may have, which is subject to execution, for any balance that may be remaining due on this Judgment."

The Court also appended this adjudication as to the appellant, Alice Cooper, whom the appellee had so in like manner sued individually along with Charles Cooper in his two stated capacities—upon a finding that she had then become of age, and had been represented in the cause by her attorney, and was asserting some kind of interest in the deceased's property, to-wit: " * * * that any and all claims, rights, title and interest of said Defendant, Alice Cooper, in and to the properties and assets, both separate and community, belonging to the Estate of said Ernest H. Cooper, deceased, are inferior to and subject to the rights, interests, and claims of said Plaintiff and to this Judgment awarded in her favor."

The appellants in their brief state points for reversal, which, in substance, may be thus recapitulated:

(1) That no special issues should have been submitted to the jury on certain enumerated special exceptions to the appellee's pleadings, which had, prior to this trial in the 61st District Court, been adversely ruled upon by the 80th District Court.

(2) Appellants' motion for an instructed verdict in their favor below should have been granted, because there was not sufficient evidence justifying the submission of any of the five special issues submitted by the court, the undisputed evidence having shown that the only issue made upon the pleadings and evidence was one "upon the issue of community property, that there was accumulated a small amount of furniture, which was worth $150.00".

(3) The court lacked power to make any allowance in lieu of a homestead, because the appellee had no community interest in any of the decedent's property, they not having been living together as husband and wife at the time of his death, a divorce suit by him against her having been then pending, all the land he owned at the time of his death having been his separate property and they, too, never having lived upon any of it during the marriage; and, finally, all of such property having been, both at the time of their marriage and at that of his death, heavily incumbered to the Federal Land Bank of Houston.

(4) The allowance to appellee for one year's support after the husband's death was unnecessary, because it was made more than four years after his death, contrary to R.S. Articles 3404 to 3412, inclusive, Vernon's Sayles' Civil Statutes, 1914, Vernon's Ann.Civ.St. Arts. 3476–3484.

(5) The court erred in submitting special issue No. 4, quoted supra, as to what would be a reasonable allowance for appellee in lieu of certain exempt articles not found among the deceased's effects, "because, under Article 3402, Revised Statutes 1925, the appellee could not recover on this issue."

(6) The quoted judgment against Charles Cooper, individually, was fundamental error, because the appellee in her trial pleadings only sought such a recovery against him, in the event that "it be found that the said Charles Cooper, defendant, has disposed of any part of said property, or unlawfully converted any part of said property to his own use and benefit, then that plaintiff have a proper money-judgment against said defendant;" further, because there was no evidence that he had ever disposed of or unlawfully converted to his own use and benefit any of the deceased's property, and no issue was submitted to the jury on that question.

In the state of the record here, it is determined that none of these contentions should be sustained; while it is thought that some of them are subject to one or another of many objections made by the appellee against them, under various cited statutes and Texas Rules of Civil Procedure, hence are not entitled to consideration, it is further concluded, however, that none of them presents reversible error, were they all considered.

■ In the first place, it appears that with reference to the subject matter of some of the issues herein submitted to the jury, the 80th District Court had, prior to this trial on its merits before a jury in the 61st District Court, sustained appellants' exceptions Nos. 1, 3, 4, 5, 6, and parts of Nos. 8, 11, and 12, to the appellee's petition declaring upon them as it then stood; but such order specifically gave her leave to amend that petition, which she thereafter did, before going to trial in the 61st District Court on her first amended original petition, whereupon appellants' same exceptions were again presented thereto, and that time were overruled by the 55th District Court, in which order, in turn, the appellants were given leave to amend their pleadings, if they so desired; that, however, they never did. The invoked action of the 80th District Court in so sustaining the enumerated special exceptions was, therefore, merely an interlocutory order, not constituting any final judgment or trial on the merits, hence it did not operate as res judicata. Wherefore, these authorities are cited as sustaining the trial court's action: 26 Tex.Jur., page 85, § 387; 26 Tex.Jur., page 76, § 383; 26 Tex.Jur., page 81, § 385; 26 Tex.Jur., page 97, § 398.

■ In the second place, appellants' claim that there was only one issue before the jury and the evidence was undisputed on it—that $150 worth of furniture was the only community property—is properly objected to as not being based upon any assignment of error appearing anywhere in appellants' motion for a new trial, hence is violative of Nos. 374 and 418(b), Texas Rules of Civil Procedure; moreover, upon examination of the statement of facts, this court finds that not only was the evidence sufficient to take each and all of the submitted issues to the jury, but also to sustain its findings thereon, such inquiries and answers being, in substance, these:

"No. 1.

"Do you find that the real property belonging to the estate of E. H. Cooper is in such a condition that a homestead could be set apart to Inez Cooper, as the widow of said deceased? It is not.

"No. 2.

"What amount of money, if any, do you find would be reasonable to be allowed to the widow in lieu of a homestead if necessary? $2000.00.

"No. 3.

"What amount, if any, do you find would be sufficient for the maintenance of Inez Cooper for one year from the time of the death of her husband, E. H. Cooper? $1000.00.

"No. 4.

"What amount of money, if any, do you find would be reasonable to be allowed Inez Cooper, as the widow, in lieu of exempt articles (other than the homestead and household furniture), which are not among the effects of said deceased? $750.00.

"No. 5.

"What do you find was the reasonable value of the community property belonging to the estate of E. H. Cooper and Inez Cooper, at the time of the death of said deceased? $325.00."

It is beyond the requirements that such a large body of evidence be here either reiterated or reduced to a resume, it being

appropriate to add, however, that the additional findings of the court upon the questions of fact so passed upon in its judgment were also sufficiently supported. Moreover, there was evidence amply sufficient to support, if it did not compel, a finding that the deceased's estate—in its entirety—had a net value at the time of his death of about $7,500.

Nor, contrary to appellants' insistence, was it necessary for the appellee to have a community interest in the landed estate of her husband in order to be entitled to such an allowance in lieu of a homestead, as was herein permitted by the trial court, based upon the verdict and findings; because, under our statutes and decisions, being the surviving widow of the deceased, which she in fact and law was, notwithstanding the then pendency of an undisposed of divorce suit between them, she was entitled to such a homestead right, even in his separate property—and to the awarded allowance in lieu thereof, on the coming in of the proof to the effect that his estate had been left in such condition from incumbrances and other impediments (including any nonexempt character of its lands) as to prevent the setting apart of a homestead thereon to her; Runnels v. Runnels, 27 Tex. 515; Kopplin v. Ewald, Tex.Civ.App., 70 S.W.2d 608; Jones v. Bartlett, Tex.Civ.App., 189 S.W. 1107, error refused; 18 Tex.Jur., § 212, page 792; § 235, page 814; Simkins Administration of Estates, 3rd Edition, page 214, § 160, also page 244, § 181; R.S. Article 3498; Buse v. Buse, Tex.Civ.App., 287 S.W. 141; Beall v. Hollingsworth, Tex.Civ.App., 46 S.W. 881; Crump v. Andress, Tex.Com. App., 278 S.W. 422; Cockrell v. Curtis, 83 Tex. 105, 18 S.W. 436; Bradley v. DeRoche, 70 Tex. 465, 7 S.W. 779; Good v. Good, Tex.Civ.App., 293 S.W. 621; Simkins on Estates, 3rd Edition, page 230.

In this connection, it was shown that appellee's husband died on January 15 of 1938, leaving a will naming his brother, the appellant, Charles Cooper, his independent executor without bond, and bequeathing all his property to others, with only $1 thereof going to this appellee; that appellant-executor qualified as such in the county court of Harris County on February 1 of 1938, whereupon, on February 8, of 1938, appellee filed in that court and probate proceedings not only her notice of intention not to take under such will, but also her advices to such executor that she would insist upon all the rights under the statutes of Texas, therein then further demanding a year's allowance for herself, as the widow of the deceased, to be made immediately; that a homestead out of the deceased's estate, or cash in lieu thereof, be set aside to her, and that any and all other rights to which she was entitled under the law be then awarded her; it was further undisputed, indeed shown by the testimony of appellant-executor himself that, although he at all times knew that she had so demanded her rights as the deceased's widow, he had never tendered her either money or property in recognition thereof, not even the $1 bequeathed her under the will.

The executor having thus failed and refused to accord her any right or recognition as such surviving widow of the deceased, she at once, on February 12, 1938, in pursuance of her stated repudiation of his will, filed this suit in the district court of Harris County to recover all such claimed rights upon her part.

As this court reads our statutes and decisions, the district court—in the given circumstances—had jurisdiction to entertain and determine that suit. See authorities last cited, supra.

Appellants' earnest presentment to the effect that the probate court alone had jurisdiction over the appellee's claims, rather than the district court, and that the latter tribunal, even had it had the jurisdiction to act at all, was not authorized to make an allowance in this instance in lieu of a homestead, because there were shown to be no funds or property out of which it could be taken, must, in virtue of the principles already given, be overruled as being untenable; cited R.S. Articles Nos. 3491 and 3492 (Vernon's Texas Civil Statutes) furnish authority for the submission by the court of inquiries Nos. 1 and 2 to the jury, as well as for eliciting the verdict thereon, first, to the effect that the condition of this estate prevented the setting aside of the widow's homestead upon its lands, and, second, that a $2,000 allowance in lieu thereof was a necessary and reasonable one; these authorities are thought to apply the statutory provisions in analogous situations: Runnels v. Runnels, 27 Tex. 515; Kopplin v. Ewald, Tex. Civ.App., 60 S.W.2d 608; Green v. Crow, 17 Tex. 180; Green v. Raymond, 58 Tex. 80, 44 Am.Rep. 601; Simkins on Estates, 3rd Ed., pages 213, 214, §§ 159, 160.

The trial court properly defined exempt property, in submitting its issue No. 4 to the jury, by copying the statute itself, that is, R.S. Article 3832, Vernon's Texas Civil Statutes, and the inventory itself—as filed by the appellant-executor—showed that not all of the articles so exempted were among the effects of the estate; the only exempt articles therein listed, excluding the real estate, all of which, as indicated, was admittedly the decedent's separate property, were the household furniture and furnishings, which he also listed as the separate property of the deceased.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.