## MOSSLER ACCEPTANCE CO. v. BURWELL et al.

### No. 11752.

Court of Civil Appeals of Texas. Galveston.

Dec. 20, 1945.

Rehearing Denied Jan. 16, 1946.
Error Refused March 6, 1946.

H. A. Crawford and John Ridley, both of Houston, for appellant.

Bernard A. Golding, of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellees, Vida Lee Rodgers Burwell and her husband, for the recovery of statutory penalties for usurious interest alleged to have been paid by Mrs. Burwell in connection with the purchase of an automobile from appellant through one Doc French. Appellees alleged that at the time of the purchase of said automobile, Mrs. Burwell was asked to sign certain papers on the representations by the said Doc French and his assistants, who were not known to Mrs. Burwell but were known to appellant, for the alleged purpose of obtaining good title to said automobile; that, at the time she was asked to sign said papers, they contained no typewritten matter and no figures of any kind and that she did not appear before any person or persons for the purpose of having her signature witnessed, but that appellant had caused certain blank spaces in said papers, containing figures and names of witnesses whom she had never seen, to be filled in for the sole purpose of establishing a mortgage on said automobile.

Appellant denied that it had charged or collected usurious interest. It specially pled that it had purchased the mortgage and note in question before maturity and without notice of any defects.

In a trial before a jury all issues were answered in favor of appellees, including a finding that appellee had paid $214.48 as usurious interest. Judgment was rendered in favor of appellees and against appellant in the sum of $428.96.

Under its first point appellant contends that the court erred in overruling its application for a continuance, because of the absence from the state of a witness, one Chester Harkins, who was alleged in said application to have been the individual who handled the sale of the automobile with Mrs. Burwell and who actually prepared the papers for her signature. Appellant stated in effect in said application that no other witness was able to testify as to these facts, which were vital to appellant's defense; that defendant had used due diligence to procure the testimony of said witness, in that said witness had promised to be available on the trial of this suit, but that, without notice to appellant's attorney, the witness was forced to make a trip out of Harris County and that he was expected

to return in about ten days or two weeks; that the testimony which said witness would give if present could not be obtained from any other source; that appellant expected to prove by him that the terms entered into by Mrs. Burwell in the purchase of said automobile were reduced to writing and signed by her in the presence of said witness, and that she authorized said witness to procure the completion of all necessary instruments affecting the transaction in accordance with the instrument prepared in Mrs. Burwell's presence by the absent witness. The application, which is not shown to have been controverted, stated that it was a first application for continuance. It was sworn to by H. A. Crawford, who stated on oath that he was attorney for appellant. He sought a continuance to next term of court or a resetting of the cause for a later time at that term of court when said witness would be available.

Rule 252, Texas Rules of Civil Procedure, which has as its source Article 2168, Vernon's Ann.Civil Statutes, which it repealed, reads: "If the ground of such application be the want of testimony the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source."

This being a first application for a continuance, the questions presented under this point are, whether appellant's application was in compliance with said Rule 252, whether the testimony sought was material, and whether appellant had used due diligence to procure such testimony.

The application in question was in substantial compliance with said Rule 252. It was properly verified, and was not con-troverted by appellees, consequently the facts alleged therein must be accepted as true. The absent witness resided in the City of Houston where the case was set for trial. It is alleged that he was an agent of Doc French, who was alleged by plaintiff to have owned the automobile in question. Counsel for appellant states in his application for continuance that said witness had promised to be available on the trial of the suit and that, without notice to appellant, he was forced to make a trip out of Harris County.

Under the pleadings this testimony was material, in that the witness Harkins was the only witness who could testify to the facts in reference to the execution of said papers by Mrs. Burwell and their contents, and as to whether she signed them in the presence of witnesses or whether she had appeared before a notary public. The testimony of the witness Harkins would have been in direct conflict with the testimony of Mrs. Burwell to the effect that she did not sign said papers in the presence of witnesses and that blanks in said papers were not filled out in her presence. There can be no doubt but that the jury was entitled to have the benefit of this testimony and that the failure to procure it was prejudicial to appellant's cause.

This court has recently held in the case of United Employers Casualty Co. v. McCloud, Tex.Civ.App., 146 S.W.2d 247, under an almost identical state of facts, that where an absent witness who had been notified of a setting of a case and has promised appellant to attend the trial thereof and to testify therein, were sufficient facts to excuse appellant from taking the prescribed statutory steps to enforce the attendance of the witness, or from taking his deposition, citing the cases of Hargrave v. Texas & P. Ry. Co., Tex.Com.App., 12 S.W.2d 1009; Haley Fisheries, Inc., v. Payne, Tex.Civ.App., 48 S.W.2d 437.

While it has ordinarily been held by the courts of this state that the granting or refusing of a motion for continuance rests within the sound discretion of the trial court, the exercise of this sound discretion has always been held to be subject to review, particularly when the statute or rule,

in this case said Rule 252, with reference to applications for continuance has been, as was done in this case, in every way complied with, in which case there is no presumption that the court did not abuse its discretion. United Employers Casualty Co. v. McCloud, Tex.Civ.App., 146 S.W. 2d 247, supra; Gulf, C. & S. F. Ry. Co. v. Brooks, 63 Tex.Civ.App. 231, 132 S.W. 95, writ refused.

Taking into consideration the facts alleged in said application for continuance which were material, we think that appellant was justified in relying on the promise of said witness to be present and was excused thereby from taking the prescribed statutory steps to enforce his attendance.

Under above facts appellees' motion to strike statement of facts which was taken with the case is overruled.

It follows that the judgment of the trial court must be reversed and the cause remanded for another trial.

### On Motion for Rehearing

On motion for rehearing appellees complain of the action of this court in reversing the judgment of the trial court in favor of appellees and in remanding the case for a new trial, or the reason that appellant's first point of appeal, on which this court based its action in reversing and remanding said cause in our original opinion, was not based upon any assignments of error presented in appellant's motion for new trial, and for the reason that the statement of facts on which the judgment of the trial court was based had never been filed in the trial court in compliance with Rule 381, Texas Rules of Civil Procedure. A reconsideration of the record convinces us that both of these contentions must be sustained.

In its first point of error appellant complains of the action of the trial court in overruling the application for continuance because of the absence from the state of a witness, Chester Harkins, who was alleged in the application to have been the individual who actually prepared the papers for Mrs. Burwell's signature.

■ On re-examining the record we find that the point relied upon was not based upon any ground urged in appellant's motion for new trial. Under Rules 374 and 418(b), Texas Rules of Civil Procedure, it cannot be considered by this court for any purpose, and the judgment of the trial court should have been affirmed. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; Barrera v. Duval County Ranch Co.., Tex.Civ. App., 135 S.W.2d 518; Frazier Jelke & Co. v. Chapman Minerals Corp., Tex.Civ.App., 149 S.W.2d 1101; Cooper v. Cooper, Tex. Civ.App., 168 S.W.2d 686; Doherty v. San Augustine Ind. School District, Tex. Civ.App., 178 S.W.2d 866.

This court based its action in reversing and remanding this case in its original opinion on the pleadings in the case and on facts appearing outside of the statement of facts. The record discloses that the statement of facts in the cause has never been filed in the trial court in compliance with Rule 381, Texas Rules of Civil Procedure. The motion for new trial was overruled by the trial court on July 10, 1945. The statement of facts was inadvertently filed in this court on September 3, 1945, prior to its approval by the trial judge. On October 1, 1945, on appellant's motion, this court extended the time for the filing of said statement of facts to October 15, 1945. On October 11, 1945, after a hearing, the trial court refused a motion of appellant to file said statement of facts with the district clerk of Harris County. Appellees duly filed and insisted upon their motion to strike such statement of facts. This motion was carried with the case on appeal.

Rule 381 provides that when an appeal is taken from a judgment rendered in a civil cause the party appealing shall have 50 days after final judgment, or order overruling motion for new trial, within which to prepare and file a statement of facts in the trial court. It provides that, on application of the party appealing, the judge of the trial court may, for good cause shown, extend time for filing such statement of facts, but that the time shall not be extended in any case so as to delay the filing thereof beyond the time for filing transcript, bills of exception, and statement of facts in the Court of Civil Appeals.

■ In construing said Rule 381 the courts of this state have uniformly held that, where a statement of facts has never

been filed in the trial court, it will not be considered but will be stricken out or disregarded by the appellate court on motion of a party, or on its own motion. Seaboard Fire & Marine Ins. Co. v. Halbert et al., Tex.Civ.App., 173 S.W.2d 180.

Under above authorities the statement of facts in this case is not eligible for filing in this court, and since the court cannot determine what evidence was adduced in the trial court in the absence of a statement of facts, it must be presumed that the jury found the facts to be such as would support the judgment that was rendered. As stated by the Supreme Court in the case of Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365, "It is not open to question that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment and where there are no findings and no statement of facts, such facts as are necessary to support the judgment must be presumed to have been found," citing authorities.

It follows from above conclusions that appellees' motion for rehearing must be granted and that the judgment of the trial court must be in all things affirmed.

Affirmed.

Motion granted.