**PIEDMONT FIRE INS. CO. et al. v. DUNLAP.**

**No. 11761.**

Court of Civil Appeals of Texas. Galveston.

Feb. 28, 1946.

Rehearing Denied April 11, 1946.

Austin Y. Bryan and Bryan & Bryan, all of Houston, for appellants.

Marsene Johnson, Jr., and Markwell & Stubbs, all of Galveston, for appellee.

CODY, Justice.

Appellee as plaintiff brought suit separately against three fire insurance companies, which had issued their respective policies to him covering the same property. The fire out of which these suits arose occurred on June 17, 1944. Each of the policies is a Texas Standard Fire Insurance policy. The appellee was represented in each suit by the same counsel, and so of appellants. The petition in each case were the same, and so of the answers. After appellants were put to trial, the cases were consolidated. Appellants' chief complaint on appeal is of the action in overruling their respective first applications for a continuance, and also of the court refusing to permit the answers to be amended, or permitting trial amendments.

On the date the fire occurred, June 17, 1944, the appellee signed a non-waiver agreement in common form to the effect that anything done about investigating the claim, etc., should be without prejudice to the rights of the parties.' Thereafter, on June 29, 1944, appellants' adjuster took a statement from appellee at which time appellee told the adjuster that he wanted to get the matter settled so he could leave and get into the service. The adjuster told him to give a power of attorney to his brother, and he wouldn't have to remain. Appellee then gave a power of attorney to his brother and joined the Merchant Marine, and went to England and France. But he returned in November and remained at Orange, Texas, and its vicinity for about two months, and then took a position in a powder factory somewhere in the Pacific area.

On August 14, 1944, pursuant to their rights under the respective policies, appellants addressed, through their counsel, a demand for a sworn examination to appellee, at his Orange, Texas, address. The pertinent provisions of the policies provide:

"The insured, as often as required shall * * *, and submit to examination under oath by any person named by this company, and subscribe same. * * *"

"This Company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof by any requirement, act, or proceeding on its part relative to the appraisal or any examination herein provided for * * *."

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements. * * *"

The letter containing aforesaid demand was received and opened by appellee's aforesaid agent and attorney in fact, his brother. And on August 21, 1944, he placed appellee's claim in the hands of an attorney of Orange for attention, who wrote to appellants to ascertain if they were denying liability.

Thereafter these suits were filed against appellants on February 20, 1945. And on March 6, 1945, appellants answered with a general denial, and denied specially that the respective policies were in effect at the time of the fire, but alleged the same had been voided by the acts and conduct of appellee, and alleged further that the facts and circumstances would be fully pled in an amended answer which would be seasonably filed.

At the time of filing said answers, appellants' counsel wrote to appellee's counsel, and asked to take appellee's oral deposition. On April 5, 1945, appellee's counsel filed supplemental petitions in which special exceptions were levelled at the general allegations in the answers. And on April 7, appellee's counsel wrote to appellants' counsel referring to the request for taking appellee's deposition, and notified appellants' counsel that the appellee was at sea, but was expected to be in Galveston in the near future, and stated that appellants' counsel would be notified of the exact date when it was ascertained.

Thereafter, on June 8, 1945, the court's docket was regularly called for setting of cases and appellants' counsel was not present. Appellee's counsel requested that the three cases be set for trial, and they were set for July 16. It was the invariable practice of the court to tell the counsel who were present, when a case was set for trial, to notify absent opposing counsel of such setting. The court was confident this was done on this occasion, and appellee's counsel did not deny that such practice was followed by the court on this occasion. But no such notification was given to appellants' counsel, and he did not know of such setting. See Rule 245, Texas Rules of Civil procedure.

Thereafter, on June 30, 1945, appellee's counsel presented his special exceptions to appellants' answers in the several cases, and the exceptions were sustained. On the same day the court wrote to appellants' counsel in Houston notifying him of the court's action, and that leave was granted to both sides to amend, and in said letter confirmed that the cases had been set on the non-jury docket for July 16, and that the amended answers which it had been indicated were desired to be filed, should be seasonably filed.

Said letter was received at the office of appellants' attorneys, Bryan & Bryan, on July 1. At that time neither of the attorneys of the firm was in Houston. Austin Y. Bryan, the attorney who was handling the cases, was in Washington on business. On July 9, 1945, Mr. Chilton Bryan wrote to the court that upon his return time had been consumed in getting in contact with his brother who was handling the cases, and he had learned from his brother that there was an agreement with opposing counsel to let the appellants have appellee's deposition taken; and that if appellee had returned to the United States, appellants' attorney had not been so notified, and that without the deposition appellants could not go to trial.

On July 10, the court wrote to appellants' counsel that, after the letter of July 9 had been received, Mr. Decker, of appellee's counsel, had informed the court that he would insist on a trial of the cases on July 16, 1945, the date they were set for trial. The court further wrote that the matter stated in the letter of July 9, did not, in his opinion constitute legal grounds for continuance, and called attention to Rule 11, Texas Rules of Civil Procedure.

Upon the day the cases were set for trial, July 16, appellee announced ready in one of the cases. But appellants announced they were not ready, and they each filed a first application for continuance, the grounds of such application being in substance:

1. That appellee had brought suit upon a Texas Standard Policy of insurance; that a written request for sworn examination of appellee had been made on August 14, 1944, and had been evaded and ignored by appellee, and that appellee had voluntarily absented himself from the United States shortly after the fire, and has not been available since said date.

2. That demand had been made on appellee's counsel for appellee's deposition, and said counsel had agreed to notify appellants of the date of appellee's return, which was then shortly expected, when the exact date was known.

3. That appellants' counsel, Austin Y. Bryan, Jr., had seen appellee's counsel, Mr. Decker, in Galveston, since April 7, 1945, and had requested the deposition of appellee, and had told the said Decker that appellants would not be ready for trial until said such deposition could be had. That said Decker agreed to make appellee available before any setting of the cases would be requested, and had told the said Bryan that he need not to be concerned over the matter of a trial until a deposition was taken.

4. That it is vital to appellants' defense to have appellee present in person, subject to cross-examination. That such examination of appellee is necessary to appellants' defense, and the testimony could not be had from any other source. That the matters to which appellee would be required to testify are as to sole and unconditional

ownership of the insured property; that appellee did not file a proof of loss, and a "full cross-examination of plaintiff (appellee) as to origin of the fire, and the names of the persons in and about the property, and the activities of same, prior to the fire in question."

5. That appellants are not responsible for appellee absenting himself from the jurisdiction, and remaining away at the time set for trial.

6. That appellants have shown every diligence to secure the deposition and sworn examination of appellee, but that he has been out of the subpoena jurisdiction of the court at all times.

7. That appellants were ready to go to trial at any time that appellee would present himself for oral deposition and be present at the trial.

The court overruled the application for continuance, apparently on the ground that Rule 11, Texas Rules of Civil Procedure, ruled the situation. That Rule provides: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

But appellants were not by their applications for continuance seeking to have the court enforce the agreement as to the taking of the deposition of appellee before the trial, but were seeking to have the trial postponed. And the granting of the postponement would not have the effect of enforcing the agreement, it would merely leave the parties where they were before the agreement was made.

■ The applications were in substantial compliance with Rule 252, which is old Art. 2168, unchanged. They were first applications, properly verified, and were not controverted. In United Employers Casualty Co. v. McCloud, Tex.Civ.App., 146 S. W.2d 247, 249, this court held: "While ordinarily the granting or refusing of a motion for continuance rests within the sound discretion of the trial court, the exercise of this sound discretion is always subject to review, particularly when the statute (now Rule) with reference to applications for continuance has been, in every way, complied with, in which case there is no presumption that the court did not abuse its discretion. Gulf C. & S. F. R.

Co. v. Brooks, 63 Tex.Civ.App. 231, 132 S.W. 95, writ refused."

■ The application being in substantial compliance with the Rule, and being properly verified, and not being controverted, must be accepted as true. United Employers Casualty Co. v. McCloud, supra. The applications state, among other things, that, on frequent occasions, Austin Y. Bryan had seen Mr. Decker in Galveston since April 7, 1945, and had requested the deposition of appellee, and had informed him that appellants would not be ready for trial until the deposition could be had, and that, "In each of these conversations Mr. Decker agreed to supply and make available Mr. Dunlap before any trial setting would be requested, and on each such occasions, Mr. Decker stated that his client was in the Merchant Marine, but was expected in Galveston in the near future, and that there need be no concern or worry on the matter of the trial until the deposition could be had."

■ Absent Rule 11, such agreement was certainly sufficient to excuse appellants from taking the prescribed statutory steps to take appellee's deposition. Employers Casualty Co. v. McCloud, supra. And the purpose of the application was not to seek to enforce the agreemant as a substitute for resorting to the statutory steps to take appellee's deposition, but to postpone the trial because appellants, in relying on such agreement, were not prepared to go to trial. And, as stated, the granting of the application would not effect an enforcement of the agreement, but would leave the parties where they were prior to the agreement.

The obligation of appellee to submit to an examination on oath did not have its genesis in any agreement made between counsel pendente lite. The insurance policies, which are the Texas Standard Insurance policy form, conferred the contract right upon the insurer, upon demand, to have the insurer examined under oath. The demand was made, and appellee later remained in the vicinity of Orange for two months. Under such provision appellee had no right not to submit to an examination under oath. Such provision seems designed to give the insurer by contract a right in the nature of the right given by statute to a litigant to take the deposition of the adverse party. See Rules of Civil Procedure, rules 199, 214. The voluntary

giving of oral or written depositions falls within the meaning of the language of the provision "Submit to examination under oath." Certainly the contract obligation of the provision that the insured submit to an examination under oath, would be satisfied by the insured submitting voluntarily to the taking of his deposition in the mode contemplated by the statute. The agreement of Mr. Decker that the deposition of his ·client should be taken prior to trial did not place any obligation upon his client that ·did not already rest upon him. Of course, it changed the form.

The parties by the provision of the policy, agreed that the evidence which appellants got from examining appellee under oath was material. What we have said in reference to the provision is to be understood as limited to the facts here present and discussed. We think the court erred in refusing appellants' first applications for continuance.

Because this case must be reversed on the error of the court in refusing appellants' first application for a continuance, the other points urged by appellants to the court's refusal to allow the answers to be amended, to allow trial amendments, etc., go out of the case. As they will not likely arise upon another trial no purpose would be served in discussing them. The cause is remanded to be tried as a consolidated case.

Reversed and remanded.

### On Motion for Rehearing.

What was said in our former opinion relative to the right of appellants under the provision of the policies to require appellee to submit to an examination under oath was limited to its bearing on the right of appellants to a continuance upon a first application.

Prior to the filing of the suits, appellants had made a formal demand for appellee's examination under oath, which was not refused. After such filing appellants' counsel requested appellee's deposition without the necessity of applying for process. As stated in our original opinion the agreement by appellee's counsel to give such deposition was, under the facts, the legal equivalent of agreeing to comply with such demand. Had appellee's counsel refused the request upon the ground that appellants' acts constituted a waiver of their right to an examination under oath, appellants could have urged a plea in abatement and secured a judicial determination thereon. But the simplest procedure was to get appellee's deposition by requesting it. Upon the question of the right of appellants to a first continuance for the breach of said agreement we think the question of waiver is not in the case.

We overrule appellee's motion for rehearing.

Overruled.