464

## J. M. ENGLISH TRUCK LINE, Inc. v. FRITSCH et al.

### No. 12308.

Court of Civil Appeals of Texas. Galveston.

July 26, 1951.

Rehearing Denied Oct. 25, 1951.

Dyess & Dyess, Houston, for appellant.

Morris, Underwood & Oldham, Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellee, Charles A. Fritsch, for the recovery of damages for personal injuries alleged to have been received by him as the result of negligent acts or omissions committed by the servants and agents of appellant, J. M. English Truck Line, Inc., while engaged in loading beams of an oil well rig substructure onto a truck. Texas Employers Insurance Association intervened as a party-plaintiff, seeking recovery of certain sums paid appellee in a compromise settlement of its liabilities on account of workmen's compensation insurance, which it carried.

In answer to special issues submitted, a jury found appellant guilty of negligence in causing an H-beam of said oil rig to swing against the beam which struck appellee; in failing to keep a proper lookout warning appellee of its intention of moving the beam in time for him to have protected himself; and in failing to maintain the proper control of the equipment truck, and that such acts were the proximate cause of appellee's injuries. Based on the jury's verdict, the court rendered judgment in favor of appellee for $22,500 and in favor of intervenor for $10,525. Intervenor was awarded the sum of $10,525, representing its subrogated interest under the Workmen's Compensation Law, Vernon's Ann. Civ.St. art. 8306 et seq.

Under its points of assigned error, appellant contends that the court erred in failing to grant its motion for a first continuance; in refusing to hear evidence on alleged misconduct of the jury; and in refusing to submit certain special issues requested by appellant.

Under its first point of error, appellant contends that the court erred in overruling defendant's first motion for continuance and in overruling its motion to withdraw its announcement of ready, because of the absence of a witness, O. E. Greenhaw.

In its application for continuance, which was not controverted, and for leave to with-

draw its announcement, appellant alleged that, through its attorneys, it had, in good faith, announced ready for trial after the witness, Greenhaw, had been personally contacted by its representative and after he had agreed to appear to testify on the trial of the case; that appellant took further steps to assure the witness' presence by causing a subpoena to issue prior to the trial, and that on the morning of December 12, 1950, the day the case was called for trial, appellant's attorneys learned for the first time that the witness Greenhaw had left the city on a mission for his employer and would not be present.

Appellant alleged in its motion that the trial continued from day to day until December 15, 1950, when it moved the court to adjourn the trial until the attendance of the witness Greenhaw could be obtained.

█ The materiality of the testimony of such witness was indicated in the motion for continuance, in which it was averred that the witness, if present, would testify that, at the time of the alleged accident, he was the driver of appellant's winch truck which was in the process of lifting a heavy H-beam when appellee was injured, and that he was looking back and watching for his swamper to attach the cable to the large H-beam, but that the cable was never attached to the smaller I-beam; that the witness would testify that he had no knowledge of the fact that the smaller I-beam had ever been unbolted, and that he never saw or heard a conversation between his swamper and appellee Fritsch.

Appellant contends that the materiality of the testimony of the witness Greenhaw is evident from every consideration of the case in that it is a direct refutation of many of the allegations contained in appellee's pleading on which he went to trial, and that it was directly in point on the issues submitted to the jury since appellee's case turned upon the question of whether appellant's agent and employee, the swamper, first tied his cable to the I-beam and later removed it and hooked the cable to the H-beam in the derricks substructure.

The testimony of the absent witness Greenhaw was, we think, material since appellee testified that at the time he told appellant's swamper that the I-beam was unbolted the swamper was standing across the I-beam with a line on it, and that appellee was under it.

Appellee contends that the trial court did not err in overruling appellant's motions for continuance and for leave to withdraw its announcement of ready because appellant had made an unconditional announcement of ready and the case had been specially set. He contends that all matters raised by appellant were within the sound discretion of the trial court.

Rule 252, Texas Rules of Civil Procedure reads: "If the ground of such application (the application for continuance) be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on the first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source."

█ Appellant's motion for continuance was in substantial compliance with Rule 252. It was properly verified, and was not controverted by appellee. The record shows, we think, that appellant showed due diligence to secure the attendance of the witness Greenhaw; that Greenhaw had promised to be present on the date of the trial, and that appellant relied upon such promise. Four days before the case went to trial it was found that the witness was temporarily absent in another State and could not be located or served with a subpoena. It is undisputed in the record that appellant had attempted to locate the witness and to communicate with him by telephone but had been unable to do so.

466

In the case of United Employers Casualty Co. v. McCloud, Tex.Civ.App., 146 S.W.2d 247, 249, under an almost identical state of facts, this Court held that "The fact that the absent witness resided in Houston; that he had been notified of the setting of this case and had promised appellant to attend the trial thereof and to testify were, we think, sufficient facts to excuse appellant from taking the prescribed statutory steps to enforce the attendance of the witness or from taking his deposition. Hargrave v. Texas & P. Ry. Co., Tex.Com. App., 12 S.W.2d 1009; Haley Fisheries, Inc., v. Payne, Tex.Civ.App., 48 S.W.2d 437.

" * * * that, in determining the materiality of the testimony sought from an absent witness and in ascertaining whether the trial court abused its discretion in overruling a first application for continuance which has not been controverted, an appellate court must not only look to and consider the facts alleged in such application, but it must take into consideration the testimony taken on the trial of the case. Ward v. Brown, Tex.Civ.App., 122 S.W.2d 684; Haley Fisheries, Inc., v. Payne, Tex. Civ.App., 48 S.W.2d 437; 9 Tex.Jur., § 83, p. 760.

"While ordinarily the granting or refusing of a motion for continuance rests within the sound discretion of the trial court, the exercise of this sound discretion is always subject to review, particularly when the statute with reference to applications for continuance has been, in every way, complied with, in which case there is no presumption that the court did not abuse its discretion. Gulf, C. & S. F. Ry. Co. v. Brooks, 63 Tex.Civ.App. 231, 132 S.W. 95, writ refused."

See also Piedmont Fire Ins. Co. v. Dunlap, Tex.Civ.App., 193 S.W.2d 853, writ refused, n. r. e.

As previously stated, the application for the continuance in the instant case was in substantial compliance with the provisions of said Rule 252; and as stated in United Employers Casualty Co. v. McCloud, supra, "Taking into consideration the facts alleged in said application for continuance and the facts adduced in the trial of the case, both of which were material, we think that appellant was justified in relying on the promises of said witness to be present and was excused thereby from taking the prescribed statutory steps to enforce his attendance."

While other assignments are presented, as we view the record, appellant's points on the alleged error of the trial court in refusing its first application for continuance, raise the controlling question in the case and render the remaining points immaterial.

We have not considered the other points of error since they will, in all probability, not arise in another trial.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.