M., K. & T. R'y Co. v. W. W. Moore.

(No. 3013.)

APPEAL from Dallas County. Opinion by WHITE, P. J.

(*Transferred from Austin.*)

ALEXANDER & CLARK and SAM. A. LEAK, counsel for appellant.

No counsel appeared for appellee.

**§ 214.** *Railroad crossing; injury to team, etc., at; contributory negligence; evidence; case stated.*    This was a suit against the railroad company for $590 damages to a wagon, harness and two mules, occasioned by a collision with a train of cars on a public road crossing.    Defendant company pleaded general demurrer, general denial and contributory negligence.    At the trial there were verdict and judgment for plaintiff for $280 and costs. The two first errors assigned are based upon exceptions of the court in refusing to permit defendant company to prove any facts tending to show contributory negligence on the part of plaintiff, the court remarking that "the only question before the court is whether or not the railway company has been guilty of negligence.    If they fail to blow the whistle or ring the bell continuously for four hundred yards before crossing the road, then it is by law guilty of negligence, and is liable in damages to this defendant."    In Railway Co. v. Kutac, 72 Tex. 643, our supreme court held that "one who knows he is approaching a railroad crossing, and whose view of the track is unobstructed, so that he can see an approaching train in time to avoid injury from it, cannot, as matter of law, recover damages for injuries inflicted by the train in his effort to cross the track, even though the railway company may neglect to give the signals required by the statute in crossing the road.    One approaching a railway track must look up and down the track, and a failure to do so is ordinarily negligence."    [See, also, Railway Co. v. Bracken, 59 Tex. 71, and 3 Civil Cas. Ct. App., § 237.] The court also erred in refusing to allow defendant to introduce the testimony of the witness Macomb, and two maps and a photograph, made by said witness, showing condition and surroundings at the place of accident, tending to show the distance at and from which an approaching train might and could be seen by a person intending to cross the track.    [Devine v. Keller, 73 Tex. 364.]

February 14, 1891.        Reversed and remanded.