HOUSTON, EAST & WEST TEXAS RAILWAY COMPANY v. T. J. WILSON.

Decided December 9, 1904.

**1.—Sufficiency of Evidence—Killing Stock.**

Evidence held sufficient to sustain a finding that a steer struck and injured by an engine (it having disappeared and the carcass not found) had been killed.

**2.—Crossing—Signals—Stock on Track.**

Failure to give the statutory signals for a road crossing could not be considered negligence in case of cattle killed on the track, but not at the crossing.

**3.—Witness—Evidence to Show Bias.**

The admission of interested parties to testify does not prevent their cross-examination to show bias as a witness in other particulars.

**4.—Evidence—Jury Taking Out Documents.**

A sworn statement by plaintiff in regard to his claim, which had been admitted in evidence, the jury should have been permitted to take with them on their retirement. It was not governed by the statutory rule as to depositions.

Appeal from the County Court of Montgomery. Tried below before Hon. J. T. Rucks.

*Baker, Botts, Parker & Garwood, for appellant.*—The requirement of the Revised Statutes of Texas (Art. 4232), providing for the ringing

of the bell and the blowing of the whistle by a railroad company on approaching public crossings, do not relate and have no application to stock not struck upon the crossing, or to stock struck while walking laterally down the track and not attempting to cross the same at a crossing, and in such cases a failure on the part of a railroad company to blow the whistle and ring the bell in the manner provided for in the statute is not evidence of negligence on its part. Rev. Stat. 1895, art. 4232; Blankenship v. Railway Co., 15 Texas Civ. App., 82; O'Donnell v. Railway Co., 6 R. I., 211; Railway Co. v. Bishop, 37 S. W. Rep., 764; Holmes v. Railway Co., 35 Ga., 593; Maney v. Railway Co., 49 Ill. App., 105.

2. Any evidence calculated to show the bias and prejudice of a witness is proper testimony, to show how far his evidence may be relied upon, and also to test his credibility. 1 Greenleaf on Evidence, par. 450; 8 Ency of Pleading & Practice, 120; Railway v. Evansich, 61 Texas, 24; Wentworth v. Crawford, 11 Texas, 133; Cox v. M. & P. Ry. Co., 20 Texas Civ. App., 251; Lumber Co. v. Denham, 88 Texas, 207.

*Nugent & Foster,* for appellee.

GARRETT, Chief Justice.—This suit was brought February 1, 1904, in the County Court of Montgomery County by T. J. Wilson against the Houston, East & West Texas Railway Company for damages for stock negligently killed by the engine and cars of the defendant at Pauli of the aggregate value of $215, itemized as follows: November 3, 1903, one steer, $15; November 14, one cow, $40; one calf, $10; December 9, 1903, one mule, $150. The defendant answered with a general denial and for special defense that the stock were killed at Pauli, a station on its line where it was not required to fence its track. There was a trial by jury which resulted in a verdict and judgment for the plaintiff for $210 and costs. The plaintiff does not dispute that the burden rested on him to show that the stock was killed by the negligence of the defendant, but claims that this was done. The defendant contends that the evidence did not show that the steer was dead, or if dead, that his death was the result of the injuries received. The evidence showed that the steer was struck by the engine and afterwards *moped* about in a *drawed* condition eating nothing and in a few days disappeared. The plaintiff said that one of his dogs brought home a part of the hide of a speckled yearling which he knew was a part of his steer. The animal had been in the habit of coming up every night, but since his disappearance after being struck by the engine he had never come back. This evidence was sufficient to present the issue that the steer had been killed by the engine.

The court charged the jury upon the statutory duty of the defendant to blow the whistle and ring the bell upon approaching a public crossing. The evidence was not sufficient to justify this instruction. There was testimony that there was a crossing over the track which might be sufficient to require the ringing of the bell and sounding of the whistle on approaching it and that would render the failure to do so negligence with respect to persons and stock upon the crossing, but it was

not shown that any of the stock was on it when killed; to the contrary all were at some distance from it, at least 75 yards. The failure of the defendant to sound the alarm for the crossing might in a proper case be considered by the jury in passing upon the question of negligence but it would have no weight in this case.

On objection of the plaintiff the court refused to require him to answer on cross-examination whether he had not been in the employment of the defendant as agent at Pauli and had been discharged by it for refusing to obey its instructions in the sale of tickets; and whether he had not attempted to regulate the defendant's fast trains scheduled not to stop at Pauli, and on one occasion when on a train had pulled the bell cord and stopped the train about which complaint had been made to him. The plaintiff was testifying with the bias of interest in the result of the suit, but this did not prevent the defendant from showing other bias also. A witness may be required to explain whatever would show bias on his part, and answer all questions concerning his relationship to either of the parties, his interest in the suit, his capacity of discernment and his motives and his prejudices. 1 Wharton on Ev., section 545; 8 Ency. Pleading and Prac., 120. The admission of parties as witnesses in their cases with an apparent interest in the result does not prevent further inquiry as to other motives and prejudices that may control them. Ill-will will often furnish a greater reason for discrediting a witness than mere pecuniary interest. The evidence ought to have been admitted as tending to show the state of plaintiff's feeling.

We think that the court erred in refusing to allow the jury to take with them in their retirement the sworn statement of the plaintiff concerning his claim, a paper which had been admitted in evidence. It does not come under the head of depositions which are excluded by the statute that admits written evidence. Rev. Stat., art. 1303; Davis v. Missouri, K. & T. Ry. Co., 17 Texas, Civ. App. 202.

For the errors indicated the judgment of the court below is reversed and the cause remanded for another trial.

*Reversed and remanded.*