TRINITY & B. V. RY. CO. v. LUNSFORD. (No. 5509.)

(Court of Civil Appeals of Texas. Austin. Nov. 29, 1915. Rehearing Denied Feb. 9, 1916.)

1. TRIAL ☖307—TAKING PAPERS TO JURY ROOM—"DEPOSITION."

A written statement, made shortly after plaintiff's injury, cannot be treated as a deposition within Rev. St. 1911, art. 1957, which provides that the jury may take with them in their retirement any written evidence, except depositions of witnesses, so that it was error to re-

fuse to permit the jury to take with it such statement when material to the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 732–737; Dec. Dig. ☜307.

For other definitions, see Words and Phrases, First and Second Series, Deposition.]

2. TRIAL ☜307—TAKING DOCUMENTS TO JURY ROOM—REQUEST BY JURY.

In such case it was the duty of the court to send out the statement with the jury on its retirement, and it was immaterial whether the jury requested permission to take the statement or not, especially where the jury knew that the court had refused to permit it at counsel's request, as the jury might well have assumed that the court would not have permitted it to take the statement at its own request.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 732–737; Dec. Dig. ☜307.]

3. TRIAL ☜307—TAKING DOCUMENTS TO JURY ROOM.

In such case, the fact that the jury would probably have remembered the contents of the statement was no justification for refusing to permit the jury to take it in retirement.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 732–737; Dec. Dig. ☜307.]

4. TRIAL ☜143—DOCUMENTARY EVIDENCE—QUESTION FOR JURY.

It is a question for the jury, under conflicting evidence, whether the statement purporting to be that of plaintiff, made shortly after his injury, was accurately taken down.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ☜143.]

5. APPEAL AND ERROR ☜1170—HARMLESS ERROR—SENDING DOCUMENTS TO JURY ROOM.

Where a written statement of plaintiff, taken shortly after his injury, was not permitted to be taken with the jury in retirement, the error was sufficient to require reversal, in spite of rule 62a (149 S. W. x), providing that a cause shall not be reversed on account of error unless such error probably caused the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☜1170.]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by James T. Lunsford against the Trinity & Brazos Valley Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Lassiter, Harrison & Rowland, of Ft. Worth, for appellant. O. M. Wroe and A. B. Geppert, both of Teague, and Ramsey, Black & Ramsey, of Austin, for appellee.

KEY, C. J. Though a transferred case, this is the second time this suit has found its way to this court. 160 S. W. 677. At the last trial verdict and judgment were rendered for the plaintiff for $8,000, and the defendant has appealed. It is a personal injury case, the nature of which is set out in our former opinion. At the last trial the learned judge submitted the case to the jury under a charge quite fair to appellant, and free from all the objections urged against it. However, we suggest that upon another trial the charge be so framed as to leave no room for claiming that it permits a double recovery.

[1] Pretermitting the assignments of error which challenge the verdict, and expressing no opinion upon that subject, we overrule all other assignments, except the eighth, which complains of the action of the trial court in refusing to allow a written statement, made by the plaintiff and introduced in evidence by the defendant, to be taken by the jury when they retired to consider of their verdict. The plaintiff was injured on the 22d day of September, 1910, and the statement referred to was made one month thereafter, and there was a sharp conflict between the testimony given by the plaintiff while on the witness stand and portions of the written statement upon a very material issue in the case. The bill of exception shows that before the jury retired to consider of their verdict, the judge delivered to them his written charge, the written pleadings upon which the case was tried, and a photograph of an engine which had been introduced in evidence; that thereupon the defendant in open court, and before the jury retired, requested and insisted that the written statement of the plaintiff above referred to should be delivered to the jury along with the other papers above mentioned, and that they should be permitted to take that statement with them and have it during their deliberations in the jury room, to which request the plaintiff's counsel objected, and the court declined to permit the jury to take with them the written statement. Article 1957 of the Revised Statutes of 1911 reads as follows:

"The jury may take with them in their retirement the charges and instructions in the cause, the pleadings and any written evidence, except the depositions of witnesses. But, when part only of a paper has been read in evidence, the jury shall not take same with them, unless the part so read to them is detached from that which was excluded."

This statute was enacted for the benefit of litigants as well as jurors, and it is as much the right of the former as it is of the latter to have its terms complied with. The document referred to was not the deposition of a witness which the statute excludes, but was written evidence which was offered by the defendant for the purpose of contradicting the testimony given by the plaintiff while on the witness stand, and it was clearly within the purview of the statute quoted. It was also very material upon the most vital issue in the case, and therefore the court committed reversible error in not permitting it to be taken by the jury when they retired to consider of their verdict. Railway Co. v. Wilson, 37 Tex. Civ. App. 405, 84 S. W. 274; Biard & Scales v. Loan Ass'n, 147 S. W. 1168.

[2] In the Wilson Case the Court of Civil Appeals for the First District held that the trial court committed error in not allowing the jury to take with them in retirement a similar statement made by the plaintiff in that case concerning his claim against the

railway company, which statement had been admitted in evidence. In the Biard & Scales Case, where letters and telegrams in relation to the transaction in issue were received in evidence, it was held error by the Court of Civil Appeals for the Fourth District to refuse to permit the jury to take with them the letters and telegrams. Counsel for appellee have undertaken to break the force of the two cases referred to by indulging the presumption that in those cases the jury requested to have the papers mentioned while considering of their verdict. As reported, the cases do not show that the jury made any such request, and therefore, if any presumption is to be indulged, it seems to us that it should be that no such request was made. But, as said before, we think the statute quoted was enacted for the benefit of litigants, and that its enforcement should not be made to depend upon whether or not the jury request the use of such written testimony while considering the case in the jury room.

In an explanatory statement attached to the bill of exception by the trial judge, in addition to stating that he regarded the written statement referred to as similar to depositions, and that the plaintiff's counsel objected to its being delivered to the jury, he further stated that the jury, at no time during their deliberations, called for it. We attach no importance to the latter statement, for two reasons, which are: (1) As the trial judge regarded the statement as similar to the deposition of the witness, it is not probable that he would have permitted the jury to have it if they had asked for it; and (2) as the defendant's request to have the paper delivered to the jury and the judge's refusal to do so occurred in open court, and presumably in the hearing of the jury, the probabilities are that if the latter had desired the use of that statement while considering of their verdict, they would not have requested the court to let them have it. Having heard the judge rule that it was not permissible for the jury to have the paper referred to while considering of their verdict, it is not probable that they would have been willing to put themselves in the attitude of differing from the judge upon a question of law, and asking him to reconsider a specific ruling which he had so recently made. Hence we decline to dispose of the case upon the theory that, inasmuch as the jury did not request to have the written statement with them in the jury room, therefore they fully understood its purport, and that having it with them would not have strengthened appellant's case.

[3] The further argument is made in behalf of appellee that as the statement referred to had been read to the jury as evidence, they doubtless remembered its contents, and therefore appellant was not injured. In other words, the contention is that it appears with reasonable certainty that appellant could not have been injured by the failure of the jury to have the paper mentioned while considering the case in the jury room. Upon that subject appellee's counsel seem to have undergone a change of mind, otherwise they would not have objected to the jury's taking the written statement with them. When the case was tried, they seemed to have such apprehension concerning that document as to feel justified in taking the risk of having the case reversed rather than permit the jury to take the document with them and read it over and consider it while in consultation. Their apprehensions may have been well founded, but they afforded no justification for a denial of a right secured to appellant by statutory law.

[4] It is further argued that the testimony shows that the statement was not correctly written down by the person to whom it was made, but upon that subject the testimony was conflicting. The document was written by one of appellant's agents, but was signed by appellee; and, while there may be some conflict between the testimony of the agent referred to and that given by appellee, it was for the jury, and not the court, to determine whether or not the statement was correctly reduced to writing. Furthermore, in support of the court's ruling, counsel for appellee cite Frugia v. Trueheart, 48 Tex. Civ. App. 513, 106 S. W. 736; Wiggs v. Telegraph Co., 110 S. W. 179; West v. Houston Oil Co., 56 Tex. Civ. App. 341, 120 S. W. 228, and rule 62a (149 S. W. x). The cases cited are not in point. In the Frugia Case an abstract of title which was attached to a deposition was admitted in evidence independently of the deposition, and, because of that fact, the appellate court held that there was no error in permitting the jury to take it with them in their retirement. It is true that it is also stated in the opinion that, as the abstract was merely offered as a circumstance to prove another fact, it was probable that, without taking the abstract with them, the jury would have remembered that it was offered in evidence for that purpose, and therefore it was not probable that its exclusion from the jury room would have, in any wise, affected the finding of the jury. The ruling in that case was correct on the first point; and the obiter dictum on the second point may have also been correct. In the Wiggs Case it was held that memoranda, consisting of words and figures written on tickets by telephone operatives relating to a long-distance call and used by a witness to refresh his memory, are not such written evidence as is contemplated by the statute, and that it was not error to refuse to allow the jury to take them on retirement. In the West Case it was held not ground for reversal for the jury to take with them an instrument, part of which had been excluded, in the absence of a showing that they read the excluded portion.

[5] Neither of the three cases referred to is authority in support of the ruling complained of in this case. But, as stated before, and

we presume as a dernier ressort, counsel for appellee have invoked rule 62a. The writer is authorized to say by the other members of the court that, notwithstanding the rule referred to, they are of opinion that this case should be reversed; and for the writer's opinion of rule 62a, reference is made to his dissenting opinion in Railway Co. v. Bartek, 177 S. W. 140. Speaking for himself only, and without committing the other members of the court, the writer believes that this case falls within the plain meaning of rule 62a, which reverses the wholesome rule upon the subject established by many decisions of our Supreme Court, and requires a party seeking the reversal of a case, not only to show that material error was committed which may have injured him, but to go further and affirmatively show that such error probably caused the rendition of an improper judgment. This case illustrates the injustice of that rule, because while the evidence was sharply conflicting, the most that an honest judge can say is, in the opinion of the writer, that if the ruling complained of had not been made, the verdict might have been different, and that such judge cannot truthfully say that it probably would have been different. In some cases, if not in many, the probabilities of obtaining a verdict may be about equal, and when one party is deprived of that equal chance by an erroneous ruling of the trial court, and especially when such error is committed at the instigation and request of the successful party, a universal rule of all enlightened jurisprudence, founded upon the dictates of right and justice, require such case to be reversed; and, notwithstanding the reading of rule 62a, the writer is not willing to hold otherwise.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.