## DALLAS RY. & TERMINAL CO. v. DURKEE.

### No. 13652.

Court of Civil Appeals of Texas. Dallas. Jan. 11, 1946.

Dissenting Opinion Jan. 15, 1946.
Rehearing Denied Feb. 15, 1946.

224

Burford, Ryburn, Hincks & Charlton and Bruce Graham, all of Dallas, for appellant.

Caldwell, Baker & Jordan, of Dallas, for appellee.

BOND, Chief Justice.

This is a damage suit arising out of a collision between an automobile driven by appellee and appellant's streetcar, at the intersection of Lindell and Matilda Streets in the City of Dallas. The streetcar involved in the suit was going north on Matilda Street, the automobile west on Lindell. Appellee is a physician and surgeon, and at 7:30 A.M. on the occasion in question was going west on Lindell en route to a hospital to perform, or assist in the performance of, an appendectomy scheduled for that morning. Appellee was quite familiar with this intersection, having crossed it, as he said, "a couple of hundred times, anyway" in the last "two years and four months."

Appellee testified, pertinent here, that as he approached the intersection, and about 40 feet from the corner, he slowed down his automobile, took his foot off the accelerator, applied pressure on the brakes, disengaged the clutch, thus slackening speed to between 20 and 25 miles per hour, and continued to slow it down as he approached the street intersection; that when he was about 10 feet from the east line of Matilda Street and going less than 10 miles per hour, he shifted the clutch of his automobile, throwing it into second gear, looked both ways—to the north and to the south—and saw a streetcar to the north on Matilda Street about a block away but did not see the approaching streetcar to the south; that he continued to slacken the speed of his automobile to about 8 miles per hour, with gear in second; and, as he approached the streetcar. track, again looked to the south; seeing no streetcar approaching from that direction, he continued his slow speed until after the front end of his automobile had crossed the track, when he looked again to the south and, for the first time, saw the streetcar involved in the collision approaching, "seemingly running pretty fast" and, by the time he had moved his automobile four or five feet across the mid-line, or west of the car line, the streetcar struck his automobile about center, dragging it up Matilda Street about 30 or 35 feet, resulting in injuries to himself and damage to his automobile.

In appellant's pleadings and proof, issues of contributory negligence proximately causing the collision were raised: Appellee's failure to keep a proper lookout; failure to slacken speed; for driving his automobile and attempting to cross the intersection in front of the streetcar that had previously entered the intersection; and for operating his automobile at a rate of speed not reasonable and prudent under the conditions then existing, having regard for the actual and potential hazards in approaching and crossing the intersection in question. On trial to a jury verdict was rendered in favor of appellee on all primary and contributory issues of negligence; the trial court entered judgment accordingly.

Appellant's first contention is that the court erred in overruling its application for continuance, or postponement, because of the absence of Mr. W. D. Gauntt. In its application, which is not shown to have been controverted, appellant urges, pertinent here, that it was the first application for continuance; that the witness Gauntt was a material witness in behalf of appellant, in that he would testify that he was a passenger on the streetcar involved in the collision; that he saw the automobile operated by appellee before the collision and before the impact with the streetcar; that appellee was driving his automobile at a rate of speed in excess of 30 miles per hour; that appellee drove his automobile into the intersection and upon the streetcar track in front of the streetcar without slackening speed; that the streetcar upon which witness was a passenger was traveling at a rate of speed less than 20 miles per hour and had entered the intersection before the automobile entered it. The application further shows that appellant had used due diligence to secure the attendance of said witness, in that on January 25, 1945, appellant's agent attempted to contact the witness at 3014 Greenville Avenue in the City of Dallas, where witness had his home and previously worked, and, not finding him there or elsewhere, contacted his wife,

only to learn that the witness had not been seen for about two weeks; that witness and his wife were getting a divorce and his whereabouts was unknown; that a subpoena for the witness was duly issued and delivered to a constable of precinct No. 1, Dallas County, Texas, with request that same be served and that he, the constable, make diligent effort to locate the witness. The application further shows that the officer made return, showing that after diligent search and inquiry he had been unable to locate said witness. The application was sworn to by appellant's attorney, showing that he had authority to make the affidavit and the matters and things set forth therein were true and correct. This being a first application for continuance or postponement, the question presented is whether appellant's application was in compliance with Art. 2168, R.S.1925. This statute requires that the party applying for continuance must make affidavit that such testimony is material to the issues involved, showing the materiality thereof; that he has used due diligence to procure such testimony, stating in detail such diligence and the cause of failure; that, if it be for absence of a witness, he shall state the name and residence of such witness and what he expects to prove by him; that the continuance is not sought for delay only, but that justice may be done. The statute further provides that on the first application for continuance it shall not be necessary to show that the absent testimony cannot be procured from any other source.

 We think the application in question was substantially in compliance with the statute; as related above, it was properly verified as to diligence shown to procure the witness's attendance, cause of failure, name and residence of the witness, and what appellant expects to prove by him. The materiality of the witness' testimony, which was not controverted, must be considered as true. Thus, in ascertaining whether the trial court abused its discretion in overruling the application, the alleged facts along with the testimony taken on trial of the case must be considered. Ward v. Brown, Tex.Civ.App., 122 S.W. 2d 684; Haley Fisheries, Inc., v. Payne, Tex.Civ.App., 48 S.W.2d 437; United Employers Casualty Co. v. McCloud, Tex.Civ. App., 146 S.W.2d 247; 9 Tex.Jur., p. 760, sec. 83. In so doing, there can be no question as to the materiality of the alleged absent witness's testimony, particularly so

in light of the pleadings and evidence in reference to the issues of appellee's contributory negligence. However, it will be seen from subsequent events that, perhaps, the error of the trial court in overruling the application for continuance could not reasonably be held sufficient to reverse the cause. The record on motion for new trial shows that a week or ten days after the case was tried, a claim agent of appellant located witness Gauntt and, in conversation with him, the witness related that he was on the streetcar involved in the collision, saw the automobile as it approached and entered the intersection in question, and that the automobile was "running fast." The record further shows that the witness promised said agent to be in attendance at court on the motion for new trial and give testimony in reference to the circumstances incident to the collision; but, for reasons unknown to appellant and its agent, witness was not present and could not be again located. Manifestly, the related statement of the absent witness that the automobile was "running fast," without more, is merely a conclusion of the witness and such would not substantiate the allegations in appellant's application for continuance; but, we think, with the promise of attendance, the agent may well be excused for not being able to relate in detail all the conversation he had with the witness, and for the failure to issue subpoena to force his attendance. United Employers Casualty Co. v. McCloud, Tex.Civ. App., 146 S.W.2d 247. However, because of our disposition of this appeal on another assignment, we express no conclusion as to whether or not the trial court's abuse of discretion in this particular alone would constitute reversible error.

While there are numerous issues involved in this appeal, we think the controlling question presented grows out of the trial court's action in refusing appellant's request to permit the jury to take with them in their retirement to deliberate on the case, four certain photographs of the streets and intersection where the accident occurred. The photographs in their entirety were introduced in evidence with admonition, properly given by the trial judge, that they do not depict or evidence the amount of foliage on the trees and bushes, position of the streetcar involved in the collision, or the sign of warning in the middle of the intersection. This accident occurred on May 6, 1944, the photo-

graphs were taken on January 16, 1945; thus it could hardly be assumed that the bushes and trees shown in the picture were in full accord as of May 6, 1944, or that the streetcar on the track, for demonstration purposes, and the sign of warning in the intersection, were the same in the winter month of January 1945, as they were in the spring month of May 1944, when the accident occurred; otherwise, predicate of identity was established as to the intersecting streets.

The following is one of the photographs (the others visualizing the intersection from other viewpoints):

entered Matilda Street and to 8 miles per hour as he approached the streetcar tracks; that at the east line of Matilda Street he looked to the north and to the south, and again looked as he approached the track going at 8 miles per hour, and on neither occasion did he see the streetcar; and that the first time he saw the streetcar was after the front end of his automobile had crossed the track, when he looked up and, for the first time, saw the streetcar, too late to have avoided the collision, clearly the photographs demonstrate that the trial court visited injury to appellant in refusing appellant's request to permit the jurors to

– W –

N

S

– E –

This picture was taken with camera placed at 100 feet east of the intersection on Lindell Street; the streetcar shown was 36 feet south on Matilda; Lindell Street is shown to be 25 feet wide and Matilda 36 feet wide. Now, bearing in mind appellee's testimony that, at 7:30 in the morning, on May 6, 1944, he was approaching the intersection from Lindell Street and at 40 feet from the corner had reduced the speed of his automobile to about 20 to 25 miles per hour, continued to slow it down, with clutch disengaged and running in second gear, to 10 miles per hour as it

take them in their retirement. The court qualified appellant's bill of exception to its action in overruling the request, by adding to the bill that if the jury had requested the photographs during their deliberation they would have been given to them. We think the qualification to the bill did not cure the error of the trial court in denying appellant's request. This question is decided in Trinity & B. V. R. Co. v. Lunsford, Tex.Civ.App., 183 S.W. 112, and Bankers Life Co. v. Butler, Tex.Civ.App., 122 S.W.2d 1077, 1079, to which we adhere, "that R.S. Article 2193 was enacted

for the benefit of litigants, and that its enforcement should not be made to depend on whether or not the jury requested the use of such written testimony while considering the case." "Photographs and pictures, it is said, stand on the same footing as diagrams, maps, plans, etc., and as a general rule whenever it is relevant to describe a person, place, or thing, photographs or pictures are admissible for the purpose of explaining and applying the evidence and assisting the court or jury in understanding the case." 22 C.J., 913; 32 C.J.S., Evidence, § 709; Texas Employers' Ins. Ass'n v. White, Tex.Civ.App., 68 S.W.2d 511, 514. The importance, materiality and probative force of the photographs, in the light of appellee's testimony, were important factors in determining whether the violation of the mandatory provision of the statute visited injury upon appellant. It may well be conceded, in absence of proof of injury, that the admission, or refusal, of unimportant, immaterial, uncontroverted or cumulative disclosures by photographs or documental evidence, or the disclosures of the whole record, might affirmatively determine that no injury resulted to the losing party; but, where photographs (as here) and documentary evidence disclose facts on vital controverted issues, the court should not speculate on the rights of the parties and assume that no injury resulted from the violation of the statute. Art. 2193, now Rule 281 T.R.C.P., expressly provides that the jury may take with them in their retirement any written evidence, except depositions of witnesses. Written evidence includes photographs. The evident purpose, in authorizing such to be carried into the jury room, is to aid the jury in vizualizing the related facts on material issues and composing any disagreements that may arise in reference thereto. It is a wellknown fact that some people draw conclusions from the sense of sight, others from the sense of hearing as well as sight. Evidently, in the case at bar the photographs were material and, we think, carried probative force on the issues involved in the suit; hence the error of the court in refusing to allow them to be taken to the jury room is cause for reversal of the judgment and remand of the cause for new trial.

We have examined all other assignments of error; they are overruled; and, for the errors above related, the judgment is reversed and cause remanded.

Reversed and remanded.

LOONEY, Justice (dissenting).

Among other defenses urged by appellant was that if appellee was injured as alleged, it was because he failed to keep a proper lookout for his own safety. On this issue appellant offered in evidence three photographs showing different views of the street intersection where the accident occurred. After the jury retired appellant requested the court to send these photographs to the jury to be considered by them during their deliberations; this the court refused to do, stating that if the jury requested the photographs they would be sent, otherwise not. Appellant reserved a bill of exception to this action of the court and assigned error thereon. The majority sustained this assignment of error, reversed the judgment below and remanded the cause for a new trial. I dissent from this action of the majority and, as briefly as is practicable will state my reasons for such dissent.

I do not think the photographs were admissible in the first place, because they did not correctly represent the scene as it existed at the time of the accident. The accident occurred in the Spring, May 6, 1944, when the surrounding trees and shrubbery were in full leaf; the photographs were not taken until in the Winter, January 16, 1945, when the same trees and shrubbery were bare of foliage. Obviously a person approaching the intersection could not have had the same view or lookout when the accident occurred as was possible at the time the photographs were taken. This fact the trial court seems to have realized and, although overruling appellee's objections to the admission of the photographs, in admitting them admonished the jury as follows: "that none of the photographs are evidence of the position of the streetcar at the time of the collision (one of the photographs showed a streetcar that had been placed to be photographed), nor the amount of foliage on trees and shrubbery at that time, nor evidence of whether there was a sign in the middle of the intersection at the time of the collision" (Bill No. 3, pp. 64, 65 tr.).

It is obvious, I think, that the photographs did not portray the intersection as it existed at time of the accident, in the respects mentioned by the court in her qualification of the bill; that is, a streetcar appearing in one of the photographs did not correctly represent the position of the streetcar involved in the collision at a

particular juncture sought to be established —that the trees and shrubbery, denuded of foliage, opened up a vista and afforded a view of the intersection that did not exist at the time of the accident, and a sign of caution swung in the middle of the intersection was not shown to exist at the time of the accident; in other words, the photographs taken in January 1945, did not correctly portray the scene as appellee viewed it in May 1944. The photographs being incorrect, as obviously they were, I think they should have been excluded in the first instance, and for same reason the court did not err in refusing to send them out to the jury after they retired.

The doctrine is laid down in 17 Tex.Jur., sec. 315, p. 733, that: "Photographs are admissible in evidence when relevant and shown to be correct, as, for example, photographs of the scene of an accident, or showing the condition of burned premises after the fire," etc. The rule is announced in 20 Am.Jur., subject Evidence, sec. 730, that: "It is generally agreed that photographs are admissible in evidence only when they are verified or authenticated by some other evidence. One offering a photograph as evidence must show by extrinsic evidence that the photograph is an accurate and faithful representation of the place, person or subject which it purports to portray"; and at page 611, sec. 731, same authority, the rule is announced: "If the situation and surrounding circumstances of the taking of a picture are subject to change, a photograph, to be admissible, must have been taken at the time of the transaction or before the situation and circumstances have undergone change." In City of Waco v. Killen, Tex.Civ.App., 59 S.W.2d 940, 943, writ dismissed, the court announced the following: "The court permitted appellees to introduce in evidence photographs of the scene of the accident taken approximately three years subsequent to the date of the accident and after the stump had been removed. Ordinarily, a photograph, in order to be admissible, must represent the scene substantially as it existed at the time the controversy arose and not as it existed after a change had been brought about."

But even if the action of the court in admitting the photographs with the accompanying verbal instruction heretofore stated was unobjectionable, yet I do not think the court erred, under the circumstances, in refusing the request of appellant. As recited in the bill of exception, at the time the request was made the jury were in their room considering the case. The request made was that the court send the photographs "to the jury room by the bailiff to be given to the jury during their deliberations on the issues submitted to them in the charge of the court." That was the request refused; it will be obvious that it was neither requested nor contemplated that the verbal instruction or admonition given by the court at the time the photographs were admitted would, in any form or manner, accompany them to the jury room. The photographs being incorrect in the respects mentioned by the court in her verbal instruction, if sent to the jury room absent these instructions would have been unfair and harmful to appellee; and for that reason I do not think the court erred in refusing appellant's request.

However if, under the circumstances, the court should have sent the photographs out to the jury, yet I do not think her refusal to do so constituted material or reversible error. Each case of this kind must be determined by its own peculiar facts. In some cases the refusal of such a request would be material and reversible error; while in others not so, as illustrated by the three cases cited in the majority opinion. In Texas Employers Ins. Ass'n v. White, Tex.Civ.App., 68 S.W.2d 511, 514, photographs of the scene of the accident, as in the instant case, were admitted in evidence, but the trial court, as in the instant case, refused a similar request to permit the jury to take the pictures with them in their retirement; error was assigned and, in disposing of the question, while recognizing the existence of such a rule, the court declined to hold that the action of the trial court constituted reversible error. In Trinity & B. V. R. Co. v. Lunsford, Tex.Civ. App., 183 S.W. 112, 113 (a leading case on the subject), there was introduced in evidence a written statement made by the plaintiff a short time after he received the injuries for which suit was brought; there was sharp conflict between the testimony given by plaintiff as a witness and portions of the written statement previously made. The court refused the request of appellant to permit the jury to have the written statement previously made to be considered during their deliberations. The action of the court in this respect was held reversible error; Judge Key speaking for the Court of Civil Appeals, among other things said:

"The document referred to was not the deposition of a witness which the statute excludes, but was written evidence which was offered by the defendant for the purpose of contradicting the testimony given by the plaintiff while on the witness stand, and it was clearly within the purview of the statute quoted. It was also very material upon the most vital issue in the case, and therefore the court committed reversible error in not permitting it. to be taken by the jury when they retired to consider of their verdict." (Citing authorities.) In Bankers Life Co. v. Butler, Tex.Civ.App., 122 S.W. 2d 1077, the company sought to defeat recovery on the ground that the insured, in seeking re-instatement of the policy, made misrepresentations to the effect that she had not been ill and had not consulted a physician in five years. This statement was controverted by copies of the permanent record of a hospital that were introduced in evidence. The court refused to permit the jury to have these copies while deliberating; error was assigned and, in disposing of the question, the Court of Civil Appeals, among other things, said: "Since said exhibits related to the treatment of Mrs. Jettie W. Butler in the Methodist Hospital, which was a closely contested issue of fact in the case, it cannot be held that the error committed by the trial court in refusing to allow said exhibits to be detached and used by the jury in their deliberations was harmless" at page 1079 of 122 S.W.2d, first column.

It will be observed that the evidence kept from the jury in their deliberations in the two cases last mentioned was held by the court to be vital and material, while the photographs involved in the instant case, even if correct, proved nothing on the issue of proper lookout, except as mere circumstances to be considered in connection with the testimony of witnesses. The jury had these photographs before them, inspected and considered them in connection with the admonitory language of the court when originally introduced, and thereafter made no request that they be sent to their room. I am of opinion therefore that the action of the court in refusing the request of appellant was not the denial of any right reasonably calculated to cause and that probably did cause the rendition of an improper judgment. Rule 434, first proviso.

For the reasons stated I dissent from the decision of the majority, believing that the assignment of error should have been overruled and the judgment of the court below affirmed.

On Rehearing.

BOND, Chief Justice.

■ On motion for rehearing appellee contends error of the trial court in admitting in evidence four photographs taken in January 1945, when trees and bushes were free of foliage, as not reflecting the condition of the crossing at the time of the alleged injury in May 1944, hence the trial court did not err in refusing appellant's request that the photographs go to the jury room to give visionary understanding of the condition of the crossing as affects the issues involved. It will be observed that appellee makes no counterpoint of error to the action of the trial court in admitting the photographs in evidence. However, in the light of appellee's motion, and the dissenting opinion, we wish to submit the uniform holdings of courts of this State, as well as text writers on the subject, sustaining the position that admission of photographs in evidence, with proper admonition by the court, is not error when the evidence shows that they substantially reflect the condition of the street crossing at the time of the collision. It is quite evident, as viewed from appellee's own testimony in this case, that the photographs were very material, and, if admissible, should have gone to the jury room for inspection by the jury during their deliberations on the verdict.

■ In 32 C.J.S., Evidence, § 715, p. 623, the rule is recited: "The fact that there have been changes in conditions, including even substantial changes, will not necessarily exclude a photograph where the changes can be and are explained, so that the photographs, as explained, will give a correct understanding of the condition existing at the time to which the controversy relates, and be practically instructive." The rule is likewise stated in 20 Amer.Jur., sec. 734, p. 613: "A mere change in the appearance of a locality, arising from photographs having been taken at different seasons of the year, is open to explanation." In the City of Waco v. Criswell, Tex.Civ. App., 168 S.W.2d 272, 277, photographs were admitted over objection, though they did not show that conditions in and about the location of a catch basin were substantially the same as the condition in the locality involved in that suit. The Waco Court of Appeals overruled the conten-

tion, saying: "* * * that the objections urged to the admissibility of the pictures goes to the weight of the evidence rather than to their admissibility." In Bilbrey v. Gentle, Tex.Civ.App., 107 S.W.2d 597, 599, this court held that pictures taken 18 months after the accident where the evidence shows that the highway at the time the pictures were taken, as here, was in practically the same condition as it was at the time of the accident, were admissible in evidence, reciting: "As this evidence tended to show that there had been no substantial change in the condition of the highway, we think the photographs were admissible." Citing City of Waco v. Killen, Tex.Civ.App., 59 S.W.2d 940, 943. In the cited Killen case, Justice Alexander, then of the Waco Court, said: "Ordinarily a photograph, in order to be admissible, must represent the scene substantially as it existed at the time the controversy arose and not as it existed after a change had been brought about." Thus holding, in effect, that a picture, taken 3 years after the collision in that case, which involved the location of a stump of a tree long before removed, but otherwise depicted the street, was admissible. In Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, the court held that where testimony showed that photographs taken after the occurrence fairly and accurately represent the scene of the accident, they were admissible. In Hovey v. Sanders, Tex.Civ. App., 174 S.W. 1025, writ refused, photographs of the scene of the accident between a train and an automobile were admitted over objections, showing a flat car instead of a box car placed on the track; the court held that the presence of the flat car, if noticed by the jury, could not have misled them when considered in the light of testimony that the deceased was killed by a box car and not by a flat car. Photographs tending to show distance from which the approaching streetcar could have been seen by a person intending to cross the tracks, are clearly admissible under the issue of contributory negligence. Missouri K. & T. R. Co. v. Moore, 4 Willson Civ. Cas.Ct.App., § 214, 15 S.W. 714; Devine v. Keller, 73 Tex. 364, 11 S.W. 379.

█ We think the photographs in this case were admissible, and, if admissible, certainly should have gone to the jury on request by appellant. The trial court, in qualifying the bill on the issue, evidently recognized that the jury should have them, but only "if they request them." Manifestly, appellant's rights in the premises should not have been conditioned on the wish or demand of the jury, or on the discretion of the trial judge. Its rights are preserved by law, and cannot be arbitrarily taken away. Motion for rehearing overruled; motion to certify overruled.

LOONEY, J., dissents.