## TEXAS EMPLOYERS INS. ASS'N v. APPLEGATE.

### No. 6304.

Court of Civil Appeals of Texas. Texarkana.

Oct. 1, 1947.

Rehearing Denied Oct. 9, 1947.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, and Jones & Jones, of Meineola, for appellant.

Gallagher, Francis & Bean and Ralph K. Gillen, all of Dallas, Florence & Florence, of Gilmer, and Connally McKay, of Quitman, for appellee.

HARVEY, Justice.

This is an appeal from a judgment entered in the Special District Court of Wood County in favor of appellee, totaling $5,841.12, for total permanent disability in a suit brought by him under the Texas Workmen's Compensation Act.

■ Appellant predicates its appeal chiefly upon alleged error of the trial court in refusing its written request, prior to the retirement of the jury to deliberate on its verdict, to permit the jury to take with them appellant's Exhibits Nos. 1, 2, 3, 4, and 11, which had been introduced in evidence during the trial of the cause. Rule 281, Texas Rules of Civil Procedure, which is Article 2193, Revised Civil Statutes of Texas 1925, and brought forward into the Rules of Civil Procedure without change, provides as follows: "The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence * * *."

This rule has been construed to mean, whether based upon sound reasoning or otherwise, that it is mandatory upon a trial judge, upon written motion of either party to a suit, to send into the jury room for use by the jury in their deliberations any written instruments or evidence properly admitted in the record during the trial of the suit. The able trial judge in this case qualified the bill of exception to his refusal to comply with a motion to send the exhibits into the jury room by stating that he would have sent them had the jury so requested. Doubtless, most judges upon reading Rule 281 when presented during the trial of a case would construe it as permissive for the jury to have the use of such evidence upon request, and not as a mandatory rule to be applied by the trial judge upon request of any of the litigants. However, the latter view has been adopted and by judicial fiat is the law of Texas. United Employers Casualty Co. v. Smith, Tex.Civ.App., 145 S.W.2d 249; Dallas Railway & Terminal Co. v. Durkee, Tex. Civ.App., 193 S.W.2d 222; Trinity v. B. V. Railway Co. v. Lunsford, Tex.Civ.App., 183 S.W. 112. In the instant case the plaintiff had testified that he was in good physical condition prior to his injury of February 11, 1946; that he was strong and able-bodied and able to work continuously from the time of his discharge from the army on November 22, 1941. Appellee further testified that he got a medical discharge from the army because he had an ulcerated stomach and that he had suffered from this condition prior to his entry into the army; that he had never made a claim against the United States Government for any disability benefits; that he had an injury to his left shoulder while in the army but that it was well before he left the army; that immediately upon his discharge from the army he started doing oil field

work and continued doing so until his injury which is the basis of this suit. He alleged in his petition that on February 11, 1946, he was carrying a 100-pound sack of cement and received serious injuries in his back and other portions of his body when he fell backwards and the sack of cement fell across his chest. He testified that he suffered severe pain in his back and legs since such injury and as a result of such pain he had to stay at home, and had been at home all of the time.

Whether or not the failure of the trial judge to comply with the defendant's motion to send into the jury room the exhibits in question is reversible error is to be tested on the basis of the materiality and admissibility of such exhibits. If they were properly in evidence and related to a material issue, then it was incumbent upon the court to grant the motion and have such exhibits sent into the jury room for the use of the jurors in their deliberations. In some situations exhibits, although admissible, might not be of such materiality or they might relate to undisputed facts so that the refusal of the trial court to send them to the jury room upon request, while erroneous, would not constitute error of a reversible nature. In the instant case Exhibit No. 1 was a photostatic copy of an army physical record report which the plaintiff Applegate admitted signing, and is a record of his injury and disability suffered while in the army. Exhibit No. 2 was a copy of his application for disability compensation made to the Veterans Administration, in which he based his claim on an injury accidentally incurred June 15, 1941, while stationed at Fort Bliss, Texas. The claim indicated that he had been confined in the army hospital at El Paso for around 103 days because of such injury. Exhibit No. 11 is a certified copy of certain instruments pertaining to his claim for disability compensation based on his army service. These instruments disclose that he was discharged from service because of injury to his left arm and shoulder, as well as other medical data. On one of the records is a notation to the effect that no further improvement from hospi-

talization could be expected. Another record indicates that as late as March, 1942, Applegate was examined by a doctor of the Veterans Administration at Dallas pursuant to his claim for disability benefits and that his left arm appeared to be useless and that he complained of serious injuries rendering him unable to work. Exhibits Nos. 3 and 4 are copies of court records in Shreveport, Louisiana, which reflect that Applegate on two occasions just prior to the filing of his suit herein was arrested for drunkenness, pleaded guilty and paid fines. On one of the occasions he was kept in jail for a period of nine days. This evidence was admissible in rebuttal of his testimony on the trial of the case that he suffered such serious pain that he did not leave home and was always at home at night. The failure of the court to send exhibits 3 and 4 to the jury room, upon the request made, standing alone would not constitute reversible error inasmuch as other witnesses testified to the same facts and Applegate himself admitted the subtance of what was in the court records.

We are of the opinion that the other three exhibits were admissible in evidence and were of a material nature. They bore upon the credibility of the plaintiff Applegate (see the case of Evansich v. Gulf, C. & S. F. Ry. Co., 61 Tex. 24) and in addition related to injuries which might or might not be found the sole cause of his disability. It is true that the injuries received by Applegate while in the army were not specially pleaded as a defense, but a general denial was filed. The testimony as to them was admissible as an affirmative defense. The defendant was entitled to show under such a pleading that the alleged injuries of February 11, 1946, were not the cause of his disability, but that they were occasioned solely by his prior accidental injuries. Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984. Accordingly a motion to send the exhibits which related to material issues into the jury room for use by the jury in their deliberations should have been granted.

The judgment is reversed and the case remanded for a new trial.