FIRST EMPLOYEES INSURANCE COMPANY, Appellant

v.

Jessie E. SKINNER, Appellee.

No. 9058.

Court of Appeals of Texas, Texarkana.

July 6, 1982.

---

Sidney H. Davis, Jr., Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellant.

Sherman A. Kusin, Harkness, Friedman, Kusin & Britt, Texarkana, for appellee.

BLEIL, Justice.

First Employees Insurance Company appeals from a judgment in this worker's compensation case, complaining that the trial court erred in refusing its request that all exhibits be sent to the jury. The judgment effectuates a jury verdict finding that Jessie Skinner was injured on the job, resulting in total and permanent incapacity. We affirm.

Rule 281, Tex.R.Civ.P., provides in pertinent part that,

"The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused."

Upon a party's request, does Rule 281 require a trial judge to send the exhibits to the jury during deliberation? We answer no and overrule an earlier decision of this Court.

In *Texas Employers Ins. Ass'n v. Applegate*, 205 S.W.2d 412 (Tex.Civ.App.—Texarkana 1947, writ ref'd n.r.e.), we held that Rule 281 is mandatory, requiring a trial court to give all exhibits to the jury upon proper motion of a party. We did so, we said, because this was considered to be the law of Texas established by judicial fiat. We noted that our decision might not be based upon sound reasoning. And, we observed that,

"Doubtless, most judges upon reading Rule 281 when presented during the trial of a case would construe it as permissive for the jury to have the use of such evidence upon request, and not as a mandatory rule to be applied by the trial judge upon request of any of the litigants."

We now choose to reevaluate the *Applegate* decision.

In deciding *Applegate*, we followed *Dallas Ry. & Terminal Co. v. Durkee*, 193 S.W.2d 222 (Tex.Civ.App.—Dallas 1946, writ ref'd n.r.e.); *United Employers Casualty Co. v. Smith*, 145 S.W.2d 249 (Tex.Civ. App.—San Antonio 1940, writ ref'd); and *Trinity & B. V. Ry. Co. v. Lunsford*, 183 S.W. 112 (Tex.Civ.App.—Austin 1916, no writ). The court in *Durkee*, relying heavily on *Lunsford*, held that Rule 281 requires exhibits to go to the jury if requested by a party. The court's reasoning was that,

"Manifestly, appellant's rights in the premises should not have been conditioned on the wish or demand of the jury,

or on the discretion of the trial judge. Its rights are preserved by law, and cannot be arbitrarily taken away."

In *United Employers* the defendant requested that the trial court send certain statements admitted into evidence with the jury for its consideration. The trial court refused because furnishing the statements would over-emphasize that part of the evidence. In *United Employers* the court held that Tex.Rev.Civ.Stat. art. 2193 (1925), now Rule 281, and judicial decisions, particularly *Lunsford*, required the court to send the exhibits with the jury. It further held that because the statements related to material issues the error was reversible.

*Lunsford* is the case first announcing that the statute was enacted for the benefit of litigants. The court stated no authority or reasoning for this proposition. In *Lunsford*, the trial judge refused a defendant's request to allow a written statement made by the plaintiff to be taken by the jury when it retired. The court said that the document was material to a vital issue in the case and should have been submitted upon defendant's request. It continued,

"But, as said before, we think the statute quoted was enacted for the benefit of the litigants, and that its enforcement should not be made to depend upon whether or not the jury request the use of such written testimony while considering the case in the jury room."

Based upon prior decisions we concluded in *Applegate* that Rule 281 was mandatory in directing that the court furnish exhibits to the jury upon motion of any party.

We have examined authorities other than those we relied on in *Applegate*. The Supreme Court held, in *Snow v. Starr*, 75 Tex. 411, 12 S.W. 673 (1889), that the trial court did not err in refusing a request to allow the jury to take with it a land plat attached to a deposition. It added that Tex.Rev.Civ. Stat. art. 1303 (1879), by its words and the obvious policy behind it, demanded that the document not be placed in the possession of the jury while it was deliberating. The court in *Sargent v. Lawrence*, 16 Tex.Civ. App. 540, 40 S.W. 1075 (1897, no writ),

reached a similar result in dealing with the admissibility of an attachment to a deposition. Other courts have considered problems involving deposition attachments. *Wardlow v. Harmon*, 45 S.W. 828 (Tex.Civ. App.1898, no writ); *Davis v. Missouri, K. & T. Ry. Co. of Texas*, 17 Tex.Civ.App. 199, 43 S.W. 44 (1897, no writ). We consider these decisions inapposite.

The few courts that have written on this question since *Applegate* have distinguished it or said that the error, if any, was harmless. *Continental Fire & Casualty Ins. Corp. v. Drummond*, 220 S.W.2d 922 (Tex. Civ.App.—Waco 1949, writ ref'd n.r.e.), involved the failure of the trial court to send certain affidavits to the jury upon motion of counsel. The court held that the affidavits were cumulative of undisputed facts; therefore the trial judge's failure to send the affidavits to the jury did not require reversal. The court applied the harmless error rule.

*Medrano v. City of El Paso*, 231 S.W.2d 514 (Tex.Civ.App.—El Paso 1950, no writ), involved an exhibit of unusual sorts—a bottle of water containing frogs, tadpoles, and scum. In *Medrano* the court said that the testimony concerning the contents of the bottle was undisputed. Therefore, the court found no reversible error, if error at all, hinting for the first time that the trial court might have discretion in determining whether to send the exhibits to the jury.

*Texas Employers' Ins. Ass'n. v. Hale*, 242 S.W.2d 796 (Tex.Civ.App.—Amarillo 1951, no writ), involved a trial court's refusal to send all exhibits to the jury room. That court said that all the exhibits were cumulative of matters already in evidence before the jury and held no reversible error. Since 1951 this issue has not been reexamined.

Our Supreme Court has not spoken upon this question. *Dallas Ry. & Terminal Co. v. Orr*, 147 Tex. 383, 215 S.W.2d 862 (1948), comes as close as any Supreme Court case to addressing it. In *Orr*, the trial judge refused to send pictures to the jury during deliberation. The court held that the mere absence of a request from the jury does not

justify refusing a party's request or by itself render the error harmless. The court held that under the circumstances of the case, including the jury's failure to request the pictures, the error was harmless.

Since we find none of the cases on this question compelling, we look at the question anew. A reading of Rule 281 reveals that it provides that the "jury may take" written evidence, and that it makes no mention of a party's request. The intention of the Rules' authors may be inferred from the plain language of the rule. The Rules are written and adopted by our Supreme Court with able assistance from a blue-ribbon committee within the legal community. The advisory committee's letter of transmittal to the Supreme Court reflects the care and concern given these Rules. Tex.R.Civ.P., Vol. 1, P. XXXVII (1979). Rule 281 remains the same as when adopted by the Supreme Court. Had the authors of this rule intended it to be mandatory and to require a trial court to send exhibits to the jury upon request of a litigant, they most certainly would have said so. Since the rule is written in permissive language, we must assume that it is intended to be permissive.

Now, we consider which reading of the rule is more sensible and logical. We conclude that it is better to allow a trial court to use discretion in deciding whether to send the jury written evidence in response to a request made by a party. The rationale of *Durkee*, that the rule is not conditioned on the "wish or demand of the jury or on the discretion of the trial judge", is indefensible. We believe that the trial court should be able to weigh the merits of a request and consider such things as: (1) the timeliness of the motion; (2) the cumbersomeness of the exhibits—whether they are large in number or size; (3) the cumulative nature of the evidence; (4) the nature of the exhibit itself—whether it is stinky "frog water", bloody clothing, distasteful pictures, or whatever; (5) the identity of the one requesting the exhibits—litigant or jury; (6) the exhibits requested—whether all or just selected parts; and (7) any other matters relevant to a proper consideration of the request.

As Justice Frankfurter stated in *Henslee v. Union Planters Nat. Bank & Trust Co.*, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259 (1948), "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." We conclude that *Applegate* was incorrectly decided. Therefore, we overrule *Texas Employers Ins. Ass'n. v. Applegate*, supra, and expressly decline to follow the other decisions which apply the *Applegate* logic. We hold that Rule 281, properly interpreted, allows the trial court discretion to decide whether it should send exhibits to the jury upon a request from one of the litigants.

We now review the trial court's refusal to determine whether an abuse of discretion has occurred. Jessie Skinner's injury occurred during the course of his employment with Gifford Hill & Co., Inc. After his injury, Skinner attempted to continue working with Gifford Hill. Later he applied for work with another company but was unable to continue that work because of back pain. Dr. Barry M. Green testified that Skinner had an injured disc in the low back area and suffered some permanent impairment. After the jury retired to deliberate, the defendant requested the trial court to send all exhibits to the jury room. The court denied the request, but stated that it would send any exhibits to the jury room that the jury requested. We find no abuse of discretion on the part of the trial court. The trial court was free to consider that a litigant, not the jury, requested the exhibits; that the request for exhibits was made during jury deliberation after the jury had retired; that the exhibits all had been introduced into evidence before the jury; and that many of the exhibits contained numerous pages of employment records that probably would be of little value to the jury.

We affirm the trial court's judgment.